554 P.2d 1286

**The STATE of Arizona, Appellee,**

v.

**Myron Alayne WEIGEL, Appellant.**

**Nos. 2 CA–CR 838, 2 CA–CR 839–2.**

Court of Appeals of Arizona,
Division 2.

Sept. 16, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Slutes, Browning, Zlaket & Sakrison, P. C., by Thomas D. Welch, Tucson, for appellant.

OPINION

HOWARD, Chief Judge.

Appellant pled guilty to one count of second degree attempted burglary in Cause No. A–28076 and one count of robbery in Cause No. A–28392. He was sentenced to serve five years' probation on the robbery conviction and as a specific condition of

that probation, to serve one year in the Pima County Jail. On the attempted burglary conviction, a two and one-half years' probation was imposed to run concurrently with the other probationary period. However, as a condition of the second probation, the court imposed a one-year term in the Pima County Jail to run consecutively to the condition imposed on the robbery conviction. Additionally, the court indicated that appellant must serve a period of one year "flat" time in each case, totaling two years in the Pima County Jail.

Based on the recent case of *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976), appellant questions the legality of the sentence contending that the trial court does not have authority to impose consecutive conditions of probation. The state contends that under the Arizona cases the incarceration of the defendant pursuant to the condition of probation is a sentence of imprisonment and therefore Rule 26.13, Rules of Criminal Procedure applies. Whether the offenses are charged in the same information or are in two separate informations is not relevant to the disposition of this case and was not relevant to the disposition in *State v. Pakula,* supra, and was not meant by the Supreme Court to be a distinction.

Rule 26.13, Rules of Criminal Procedure, states:

> "Separate sentences of imprisonment imposed on a defendant for 2 or more offenses, *whether they are charged in the same indictment or information,* shall run concurrently unless the judge expressly directs otherwise." (Emphasis added)

The court in *State v. Pakula,* supra, first looked at this rule and concluded that it provided no authority for consecutive probationary terms. It was clear that it did not. The court then looked at A.R.S. Sec. 13–1657 and found that it also did not provide the necessary authority. It was for these reasons that the court struck down the sentence. Had Pakula been charged in

more than one information the result would have been the same since there was no authority, statutory or otherwise, for the trial court's sentence.

In the case at bench we must look again to the rules and statutes to determine the legality of the sentence. The State relies on Rule 26.13, supra, reasoning that since *State v. Evans,* 109 Ariz. 491, 512 P. 2d 1225 (1973), states that incarceration in the county jail is a sentence of imprisonment the foregoing rule should apply. We do not agree. In the context of the issues in *State v. Evans,* supra, the statement has efficacy, but not vis-a-vis the question posed here.

Rule 26.13, Rules of Criminal Procedure applies only when the defendant is sentenced to a term of imprisonment and not to the situation where he is placed on probation with incarceration in the county jail as a condition of probation. In the latter situation the legislature has spoken by the enactment of A.R.S. Sec. 13–1657(A)(1). It deals with the power of the court upon the suspension of imposition of sentence, a matter in which the court has no inherent power, *State v. Bigelow,* 76 Ariz. 13, 258 P.2d 409 (1953), and contains no provision for consecutive sentences in the county jail as a condition of probation. Therefore imposition of consecutive conditions of probation was not authorized. Additionally the court's mandate as to "flat" time was erroneous because A.R.S. Sec. 13–1657(A)(1) confers no authority to impose such a restriction when a jail sentence as a condition of probation is imposed.

The sentences are therefore modified as follows. In Cause No. A–28392, as a condition of probation, appellant shall serve one year in the Pima County Jail and in Cause No. A–28076, as a condition of probation, appellant shall serve one year in the Pima County Jail, to run concurrent with the jail time in Cause No. A–28392. The provision requiring service of "flat" time of two years is ordered stricken.

As modified, the sentences are affirmed.

KRUCKER, J., concurring.

HATHAWAY, Judge (dissenting in part).

I believe the trial court is authorized to impose consecutive conditions of probation when the terms of probation are concurrent. In each case, the trial court is authorized to impose a year in the county jail as a condition of probation under A.R.S. Sec. 13–1657(A)(1). Before the statute was amended in 1970, there was no authority for the imposition of jail time as a condition of probation. Our Supreme Court in *State v. Evans*, 109 Ariz. 491, 512 P.2d 1225 (1973), quoted with approval language from *State v. Van Meter*, 7 Ariz. App. 422, 440 P.2d 58 (1968):

> "[I]ncarceration of a person in the county jail is the passing of a sentence and not the suspension thereof. The fact that the court terms it as a condition of probation does not render it any the less a sentence of imprisonment." 109 Ariz. at 494, 512 P.2d at 1228.

Since our Supreme Court views these conditions as mere sentences of imprisonment, I believe the court is authorized by Rule 26.13, Rules of Criminal Procedure, to make one term consecutive to another. Appellant cites *Smith v. State*, 37 Ariz. 262, 293 P. 23 (1930), and *State v. Bigelow*, 76 Ariz. 13, 258 P.2d 409 (1953), for the proposition that the court's power to impose a sentence of incarceration for a greater period than one year is severely limited. That is true, but the cases cited are inapposite to the instant case which involves concurrent terms of probation. The majority's reliance on *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976), is misplaced, I think, as *Pakula* involved the imposition of consecutive terms of probation. *Pakula* was fully complied with here since the probationary terms were to run concurrently, although certain conditions of probation run consecutively.

As to the second point raised, i. e., whether the trial court was authorized to impose "flat" time as an exercise of its power to impose terms and conditions of probation, I agree with the majority but for a different reason. A.R.S. Sec. 13–1657(A)(1) provides that the court may suspend the imposition of sentence upon such terms and conditions that the court determines. However, the exercise of the court's discretion must give way in the face of statutory authority to the contrary. A.R.S. Sec. 31–144(A) states:

> "A prisoner in a city, town or county jail, while working on public streets, highways or other public works as a trustee outside the jail without requiring armed guards, or while holding a position of trustee either within or without the jail, *shall* be allowed double time while so employed and each day he is so employed shall be counted as two days in computing time on his sentence." (Emphasis added)

I believe the trial court exceeded its authority in requiring "flat" time to be served and would therefore modify the sentence only to eradicate that condition.