576 P.2d 120

**Thomas Walter PICKETT, Petitioner,**

v.

**Richard BOYKIN, Sheriff of Pima County, Arizona, Respondent.**

**No. H–749.**

Supreme Court of Arizona,
In Banc.

Feb. 23, 1978.

John M. Neis, Pima County Public Defender by Michael J. Addis, Asst. Public Defender, Tucson, for petitioner.

Bruce E. Babbitt, Atty. Gen., Phoenix, Stephen D. Neely, Pima County Atty. by David R. Cole, Deputy County Atty., Tucson, for respondent.

HOLOHAN, Justice.

Petitioner, Thomas Walter Pickett, was placed on probation by the Superior Court of Pima County on April 29, 1977. Subsequently, on October 31, 1977, after an evidentiary hearing, petitioner was found to have violated the terms of his probation. At the dispositional hearing on November 7, 1977, the Superior Court continued the petitioner on probation but imposed the additional condition that the petitioner be "incarcerated in the Pima County Jail Adult Detention Facility for a period ending on September 12, 1978 . . . .."

A petition for a writ of habeas corpus was filed by petitioner to require the respondent sheriff to allow him trusty status and two-for-one time. Petitioner also asks that an order be entered modifying "the sentence" imposed on November 7, 1977.

■ Habeas corpus is not the proper remedy. Petitioner should have asked for relief by a special action. In *Brown v. State,* 117 Ariz. 476, 573 P.2d 876 (1978) (No. H–742 filed Jan. 9, 1978) we noted that this court may grant appropriate relief even though the writ applied for or the motion made is not aptly titled. Following that rule we will treat the petition in this case as one asking for relief by a special action.

■ Petitioner contends that the imposition of confinement as a condition of probation pursuant to A.R.S. § 13–1657(A)(1) does not authorize the Superior Court to impose the restriction that the full term of incarceration be served. He contends that this so-called "flat time" condition is not enforceable, and he may qualify for double time allowance pursuant to A.R.S. § 31–144. In support of his position the petitioner cites *State v. Weigel,* 27 Ariz.App. 343, 554 P.2d 1286 (1976).

In *Weigel,* Division Two of the Court of Appeals held that a Superior Court could not impose the restriction of "flat time" incarceration as a condition of probation "because A.R.S. Sec. 13–1657(A)(1) confers no authority to impose such a restriction when a jail sentence as a condition of probation is imposed." We disagree with the foregoing. The primary error with the position in *Weigel* is the treatment of incarceration with probation as a jail sentence. Probation is not a sentence but rather a feature of the suspension of imposition of sentence. *State v. Risher,* 117 Ariz. 587, 574 P.2d 453 (1978) (No. 3999–PR, filed Jan. 19, 1978). Thus incarceration as a part of probation is not a sentence to confinement but simply one of the conditions which is established at the time sentence is suspended. See *State v. Rodriguez,* 116 Ariz. 276, 569 P.2d 218 (1977). Anything to the contrary in *State v. Weigel, supra,* is overruled.

■ Pursuant to A.R.S. § 13–1657(D) the Superior Court was authorized to modify the original conditions of probation. The Superior Court did so by providing that an additional condition of probation would include incarceration in the county jail for a specified period not exceeding one year. A.R.S. § 13–1657(A)(1). Since, as we pointed out earlier, this period of incarceration was not a sentence to confinement, the Superior Court was acting within the authority granted by statute to require that the petitioner serve the full period of incarceration as a condition of probation. The Sheriff of Pima County may not grant the petitioner double time allowance. The petitioner must serve the full period of incar-

ceration provided in the order modifying the conditions of probation unless the Superior Court subsequently modifies the conditions of probation to reduce or terminate the period of incarceration.

Relief denied.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.