697 P.2d 345

**The STATE of Arizona, Appellee,**

v.

**Donald Austin WAGGONER, Appellant.**

**No. 2 CA–CR 3190.**

Court of Appeals of Arizona,
Division 2.

March 13, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carol Wittels, Asst. Public Defender, Tucson, for appellant.

## OPINION

BIRDSALL, Chief Judge.

The appellant was found guilty of theft of property with a value over $1,000. Three prior felony convictions were found by the court, the jury having been waived for that phase of the trial. The court also found that the appellant was on parole from California when the theft was committed and his sentence was further enhanced pursuant to A.R.S. § 13–604.01(B). He was sentenced to the presumptive term as mandated by the latter statute.

Two issues are presented on appeal:

1) that an allegation that the appellant was on parole when the theft was committed should have been stricken as untimely, and

2) that the trial court erred when it refused to permit defense counsel to argue punishment to the jury in the hearing on the priors and parole status.[1]

We affirm.

The indictment was filed September 3, 1982. It charged that the appellant stole certain listed property from Paulin Motors on August 26 in violation of A.R.S. §§ 13–1802 (the theft statute), 13–701, 13–702, 13–801, 13–803 (all sentencing statutes), 13–604(B) and (D) (pertaining to enhancement of sentences where there exists prior felony convictions) and 13–604.01. The latter statute provides:

"A. Notwithstanding any provision of law to the contrary, a person convicted of any felony offense involving the use or exhibition of a deadly weapon or dangerous instrument or involving the intentional or knowing infliction of serious physical injury upon another if committed while the person is on probation for a conviction of a felony offense, or parole, work furlough or any other release from confinement for conviction of a felony offense shall be sentenced to life imprisonment and is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the person has served not less than twenty-five years. A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released.

B. Notwithstanding any provision of law to the contrary, a person convicted of any felony offense not included in subsection A of this section if committed while the person is on probation for a conviction of a felony offense, or parole, work furlough or any other release from confinement for conviction of a felony offense shall be sentenced to a term of not less than the presumptive sentence authorized for the offense, and the person is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served. A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released."

We are concerned here with subsection B.

Although an allegation of prior convictions was filed on the same date as the indictment, no allegation that the appellant was on parole at the time of the crime was

1. The jury was waived for this hearing after the court made this ruling.

filed until May 6, 1983. A.R.S. § 13–604(K) provides, in part, that the penalties prescribed in A.R.S. § 13–604, i.e., those enhancing a sentence because of previous convictions, dangerous nature of the offense or committing the offense while released on recognizance or bail, shall be substituted for the lesser penalties otherwise authorized if charged in the indictment and found to be true by the trier of fact. It further provides that the court, in its discretion, may allow such allegations at any time prior to trial. There is no specific statutory direction concerning how the fact that a defendant was on parole when the offense was committed should be charged.

The appellant contends that an allegation of committing the offense while on parole must be filed no later than 20 days prior to the date set for trial, Rule 16.1(b), Rules of Criminal Procedure, 17 A.R.S., and that the trial court has no discretion to allow the allegation after that date. *See* Rule 16.1(c); *State v. Marahrens*, 114 Ariz. 304, 560 P.2d 1211 (1977); *State v. Lee*, 25 Ariz. App. 220, 542 P.2d 413 (1975). The first trial date was set for December 1, 1982, the order also requiring all motions to be filed 20 days prior thereto. After some continuances, the case actually went to trial May 10, 1983. On that date the trial court denied the appellant's motion to strike the allegation. Therefore if the rule controls, the appellant's position would be well taken. We do not believe it does.

■ We believe the legislature intentionally omitted from A.R.S. § 13–604.01 any requirement that the fact of a defendant's parole status be charged in the indictment or information, that it be found by the trier of fact or that an allegation need be filed. A.R.S. § 13–604.01 was contained in chapter 322 of the 1982 Session Laws. The same chapter contained amendments to A.R.S. § 13–604, but subsection K was not amended. There is no reference to K in § 13–604.01 and likewise subsection K contains no reference to the new statutes. It is clear to us that the legislature intended to require enhanced punishment for an offense committed while the offender was on parole, or other types of release, regardless of how or when the issue is presented.

■ Of course due process requires that at some point in the trial prior to sentencing, the defendant's alleged parole status be presented to the trial court and that the defendant be given an opportunity to admit or deny the truth of such an allegation. And if it is denied the prosecution would have the burden of proving the allegation beyond a reasonable doubt. However, the trial court as opposed to the jury would decide the issue just as it does other matters in aggravation or mitigation. *See* A.R.S. §§ 13–702 and 13–703. We believe this is the clear intent of the legislature. Otherwise we believe the notice, allegation and fact finding provisions of A.R.S. § 13–604(K) would have somehow been made applicable to the new statute.

■ We have no trouble finding due process in the present case. The appellant had notice that his parole status was going to be used to enhance punishment because of the reference to A.R.S. § 13–604.01 in the indictment. We also find the record replete with references to his parole status. There are four documents filed in connection with his release conditions which refer to his parole from California and which even contain the name of his parole officer. These reports were filed beginning as early as September 7.

■ The appellant's contention that he should have been permitted to argue punishment to the jury in the trial phase concerning the priors and parole status is devoid of merit. The fact that the findings resulted from that hearing bear only on sentencing makes no difference. The question to be decided by the jury is whether the allegations are true. The fact that they enhance the punishment is not material.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.