694 P.2d 295

**STATE of Arizona, Appellant,**

v.

**Mark Steven BARKSDALE, Appellee.**

**No. 1 CA–CR 7088.**

Court of Appeals of Arizona,
Division 1, Department D.

Oct. 4, 1984.

Reconsideration Denied Nov. 21, 1984.

Review Denied Jan. 29, 1985.

David S. Ellsworth, Yuma County Atty. by Frank Dawley, Tim Holtzen, Deputy County Attys., Yuma, for appellant.

John Hart, Yuma, for appellee.

## OPINION

EUBANK, Judge.

This is an appeal by the Yuma County Attorney (State) from the sentences imposed against the appellee where the State contends that the sentences are illegal. A.R.S. § 13–4032(6). Appellee Barksdale was sentenced to serve two years in prison for the crime of driving while under the influence of intoxicating liquor while his license was suspended, a class 5 felony in violation of A.R.S. § 28–692.02 (DWI). It is undisputed that appellee was on probation for other felony crimes when he committed the felony offense described above.

The record shows that appellee pled guilty to the DWI charge on the basis of a plea agreement. In consideration for his guilty plea, another felony DWI charge in case No. 11832 was dismissed, and the State agreed that it would not allege any prior felony convictions. The record further shows that appellant was represented by counsel throughout these proceedings; that he understood the plea and the rights that he was waiving by his plea; and that a factual basis for his plea exists on the record in that appellee admitted that he was driving the motorcycle with a suspended license while intoxicated. As this hearing concluded, appellee and appellee's counsel decided to admit probation violations in Yuma County Case Nos. 10365 and 10397. He pled guilty to violations in both cases, and the probation disposition hearings were set for the same time as sentencing in this case. At the sentencing hearing, the trial judge revoked appellee's probation in case

Nos. 10365 and 10397 and sentenced appellee as follows:

1. In the case *sub judice*: 2 years committed to prison.
2. In case No. 10397: 5 years committed to prison.
3. In case No. 10365: 1½ years committed to prison.
4. All sentences were ordered to be served concurrently.

The State argues that under the above circumstances A.R.S. § 13–604.01(B) requires the sentencing judge to impose a sentence on appellee consecutive to the sentence that he received for the violation of his probation.

Former A.R.S. § 13–604.01(B) reads: [1]

B. Notwithstanding any provision of law to the contrary, a person convicted of any felony offense not included in subsection A of this section if committed while the person is on probation, parole, work furlough or any other release shall be sentenced to a term of not less than the presumptive sentence authorized for the offense, and the person is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served. *A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released.* (Emphasis added).

This statute was enacted by the legislature in 1982. (Laws of 1982, ch. 322). The title to the act states, in part, that its subjects are "prescribing mandatory confinement for certain offenses; prescribing mandatory and consecutive sentences; ... amending title 13, chapter 6, Arizona Revised Statutes, by adding section 13–604.-01...." A reading of chapter 322 clearly indicates that the legislature intended to strengthen the sentencing law by requiring the trial court to sentence a defendant, who

---

1. This statute was amended subsequent to sentencing. *See* Laws of 1983, ch. 32.

was on probation for a felony violation and who commits another felony, to incarceration which is consecutive to "any other sentence from which the convicted person had been temporarily released."

Appellee argues that he had not received any other sentence since his sentences were suspended and he was placed on probation. He further argues that he had not been "temporarily released" since he had not been incarcerated in the first place. Thus, he argues that since his sentences were suspended and he was placed on probation, former A.R.S. § 13–604.01 does not apply to his sentence *sub judice.* He also argues, in the alternative, that if the statute does apply to him, it is vague because it speaks of convicted persons who have been temporarily released.

■ Turning to appellee's argument that he was not "temporarily released" while on probation, in our opinion the legislature intended to include appellee within the ambit of A.R.S. § 13–604.01(B). He was a convicted felon who was given suspended sentences and placed on probation. He violated that probation by committing additional felony crimes. The language of A.R.S. § 13–604.01 expressly covers this situation and it is not vague. When the legislature used the term "temporarily released," they intended to cover persons on "probation, parole, work furlough or any other release." The fact that a person is on probation does not mean that he or she is released from the judgment imposed. Quite to the contrary, probation is a sentencing option available to the court under limited circumstances. *See* A.R.S. § 13–901. Persons on probation are temporarily released in the sense that they are released under judgment. If they violate the terms of the probation they may be incarcerated for such violation. *See* Rule 27, Arizona Rules of Criminal Procedure. Our conclusion here comports with our supreme court's statement in *State v. Smith,* 112 Ariz. 416, 419, 542 P.2d 1115, 1118 (1975), where it said:

> Probation is a matter of legislative grace. It is a sentencing alternative which a court may use in its sound judicial discretion when the rehabilitation of

the defendant can be accomplished with restrictive freedom rather than imprisonment. The court can surround probation with restrictions and requirements which a defendant must follow to retain his probationary status. Revocation, and consequential loss of freedom, is considered when charges are made that one or more of the conditions of probation have been violated. The court's concern at a revocation hearing is primarily to determine whether probation is still an effective means of rehabilitation and a sufficient deterrent against future crime.

■ We agree with the appellee and the trial court, however, that a suspended sentence resulting in probation does not constitute a "sentence" as that term is used in the last sentence of A.R.S. § 13–604.01(B). In *State v. Risher,* 117 Ariz. 587, 574 P.2d 453 (1978) our supreme court held "probation is not a sentence, but a feature of imposition of sentence." This view was expanded by the supreme court in *Pickett v. Boykin,* 118 Ariz. 261, 576 P.2d 120 (1978). There the court held that since the defendant was serving time in the county jail as a condition of probation and not as a "sentence", he was not entitled to the double time allowance and must serve the full time awarded as a condition of probation. The court said:

> Probation is not a sentence but rather a feature of suspension of imposition of sentence. *State v. Risher....* Thus incarceration as a part of probation is not a sentence of confinement but simply one of the conditions which is established at the time sentence is suspended.

118 Ariz. at 262, 576 P.2d at 121.

■ Thus, the trial judge was entirely correct in his initial view of the law. However, at the same sentencing hearing, appellee was also sentenced to imprisonment for his probation violations. In our opinion, where the trial judge sentences a defendant for a felony offense, and at the same hearing, or prior thereto, sentences the same defendant for probation violations, A.R.S. § 13–604.01(B) requires that the sentence for the subsequent felony conviction be consecutive to any other sen-

tence imposed. To not so hold would be to disregard the statute and the clear intention of the legislature in enacting A.R.S. § 13–604.01(B). In the instant case, the trial judge erred in not sentencing appellee to a consecutive sentence.

■ This conclusion, however, raises another problem. A.R.S. § 13–604.01(B) is a special sentencing condition that impacts on appellee's sentence. Neither at the change of plea hearing nor at the sentencing hearing did the trial judge advise appellee that this statute would require a consecutive sentence. Under these circumstances, appellee could not have knowingly and intelligently waived his rights and entered his plea of guilty. *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976).

The judgment and sentence are reversed. This matter is remanded for further proceedings not inconsistent with this opinion, including appellee's option to withdraw from the plea agreement and his guilty plea.

BROOKS and GREER, JJ., concur.