697 P.2d 320

**STATE of Arizona, Appellee,**

v.

**Donald Austin WAGGONER, Appellant.**

**No. 6261–PR.**

Supreme Court of Arizona,
En Banc.

March 6, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carol Wittels, Frank P. Leto, Asst. Public Defenders, Tucson, for appellant.

HOLOHAN, Chief Justice.

On September 3, 1982, petitioner Donald Austin Waggoner was charged by indictment with theft of property valued at one thousand dollars or more, "all in violation of A.R.S. §§ 13–1802, 13–701, 13–702, 13–801, 13–803, 13–604 B and D, and 13–604.-01." At the same time, the Pima County Attorney also filed an allegation that petitioner had four prior convictions and included copies of the minute entries recording each conviction. In connection with petitioner's request for review of release conditions, on September 9, 1982, a form headed "Pre-Trial Release Program/Central Intake Program" was filed showing petitioner's parole status and naming his parole officer.

Petitioner pleaded not guilty and trial was set for December 1, 1982, with an order that all motions be filed twenty days prior to that date. After several continuances, requested by both the state and petitioner, a firm trial date was set for May 10, 1983. On May 6, 1983, the state filed an allegation pursuant to A.R.S. § 13–604.-01 alleging that petitioner had committed the instant offense while on parole. A.R.S. § 13–604.01, subsection B, provides for a mandatory sentence of confinement without eligibility for release until the sentence imposed has been served when the person convicted committed the offense while on parole from confinement for conviction of a felony offense.

Petitioner moved to strike the allegation of committing a felony while on parole, arguing that it was untimely filed under Arizona Rules of Criminal Procedure, Rule 16.1(b), 17 A.R.S. which requires that "[a]ll motions shall be made no later than 20 days prior to the date set for trial." Petitioner argued that since the language of A.R.S. § 13–604.01 does not mention any date by which the allegation must be filed, the general time period provided by Rule 16.1(b) must apply. The trial court denied the motion and a jury trial was held. Petitioner was found guilty of theft.

Prior to submitting the issue of the existence of prior convictions and parole status to the jury, petitioner's counsel requested that he be allowed to argue to the jury the effect that a finding of prior convictions or parole status would have on the degree of punishment petitioner would receive. When this motion was denied, petitioner waived jury trial on these sentencing issues. The trial court found the allegations to be true and sentenced petitioner to 11.25 years, the presumptive term for a class 3, nondangerous felony with two or more prior convictions. A.R.S. §§ 13–701, 13–604(D), 13–604.01(B).

Petitioner appealed, challenging the timeliness of the § 13–604.01 allegation and the refusal to allow his counsel to argue to the jury the effect of the priors and parole status on his sentence. The Court of Appeals affirmed by opinion, *State v. Waggoner*, 144 Ariz. 262, 697 P.2d 345 (1984). Petitioner sought review only as to the timeliness issue. We granted review to clarify the meaning of the statute at issue.

In *State v. Turner*, 141 Ariz. 470, 687 P.2d 1225 (1984), we held that the provision of § 13–604(K) providing that the finding of prior convictions be made by the trier of fact did not apply to § 13–604.01. We stated that "A.R.S. § 13–604.01 does not contain language that requires a finding by the trier of fact that the defendant was on parole." *Id.* at 475, 687 P.2d at 1230. The issue of whether the release status of the defendant must be alleged before trial was not raised in *Turner*.

The Court of Appeals ruled that A.R.S. § 13–604.01 was "[i]ntended to require enhanced punishment for an offense committed while the offender was on parole, or other types of release, regardless of how or when the issue is presented." *Waggoner*, 144 Ariz. at 264, 697 P.2d at 347. The ruling by the Court of Appeals provided that at some point prior to sentencing the defendant's status must be alleged and presented to the court. We do not agree. Although parole or other release status under A.R.S. § 13–604.01 is "in the nature of an aggravating circumstance," *Turner*, 141 Ariz. at 475, 687 P.2d at 1230, due process and orderly procedure require a narrower rule than that stated by

the Court of Appeals. A defendant must know the extent of potential punishment he faces before he can ever decide whether to enter a guilty plea to the charge. To determine whether a plea has been intelligently entered Rule 17.2(b), Rules of Criminal Procedure, 17 A.R.S. requires that the trial judge inform the defendant of the range of possible sentence. In some cases it may be necessary to establish the extent of possible punishment before trial in order to determine the size of jury required under Arizona Constitution Art. 2, § 23. In criminal cases in which a sentence of imprisonment for thirty years or more is authorized by law a twelve person jury is required. Also, as stated in *State v. Rodgers,* 134 Ariz. 296, 306, 655 P.2d 1348, 1358 (App. 1982), "[a]s a policy matter the defendant should know the full extent of the potential punishment that he faces before trial." We believe that a defendant must receive notice before trial commences that the state intends to allege his release status to enhance punishment pursuant to A.R.S. § 13–604.01.

■ The Court of Appeals held that reference to A.R.S. § 13–604.01 in the indictment, coupled with the filed documents referring to petitioner's parole status, satisfied the due process notice requirement. We agree that reference in the indictment to the number of the statute providing for enhanced punishment for offenses committed while released from custody is adequate notice of the state's intent to enhance petitioner's sentence under that statute. In *State v. Barrett,* 132 Ariz. 88, 644 P.2d 242 (1982), we held that when the information charging the defendant referred to A.R.S. § 13–604, the recital of the section number was sufficient to put him on notice that the prosecution intended to seek an enhanced sentence. *See also State v. Villafuerte,* 142 Ariz. 323, 690 P.2d 42 (1984). Likewise, in *State v. Noriega,* 142 Ariz. 474, 690 P.2d 775 (1984) we upheld a post-conviction amendment to an indictment changing A.R.S. § 13–604.01(*B*) to A.R.S. § 13–604.01(*A*). We stated that "[t]he allegation of A.R.S. § 13–604.01(B), in conjunction with the allegation of dangerousness in the indictment and in the jury instructions, along with the conduct of the prosecutor, was sufficient to put appellant on notice of the prosecutor's intent to seek the enhanced penalties under subsection (A)." *Id.* at 481, 690 P.2d at 783–84. Here the indictment contained citation to the correct statute, and there were documents, filed well in advance of twenty days before the first trial date, which referred to petitioner's release status as on parole from California. The notice to petitioner in this case was superior to that held constitutionally adequate in *Noriega.* Although A.R.S. § 13–604.01 does not require that release status be charged in the indictment or information, alleging such status in the charging instrument, either by reference to release status or by reference to the section number, is sufficient notice.

■ Petitioner urges that allowing the state to file an allegation of parole status four days before trial deprives him of sufficient time to consider plea agreements or to prepare his defense. We note as addressed above that petitioner received such notice long before trial by reference on the date the indictment was filed to A.R.S. § 13–604.01. This notice clearly was timely enough to put petitioner on notice of the enhanced penalty sought by the prosecution, and we find that petitioner was not prejudiced by the trial court's use of his parole status to enhance his punishment. We affirm his conviction and sentence.

■ In order to establish some consistency in the statutory system for allegation of penalty enhancements, we believe, as stated in *State v. Birdsall,* 116 Ariz. 112, 568 P.2d 419 (1977), that the prosecutor has total discretion whether to allege parole status before the twenty day time limit of Rule 16.1(b). Within the twenty day time period, however, the trial judge has the same discretion granted by A.R.S. § 13–604(K) to allow allegation of parole status any time before trial. *Id.; see also State v. Kelly,* 123 Ariz. 24, 597 P.2d 177 (1979); *State v. Fowler,* 137 Ariz. 381, 670 P.2d 1205 (App.1983).

The opinion of the Court of Appeals is modified in accordance with this opinion. The petitioner's judgment and sentence are affirmed.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.