715 P.2d 775

**STATE of Arizona, Appellee,**

v.

**Kenneth James LaBAR, Appellant.**

**No. 1 CA–CR 8813.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 3, 1985.

Review Denied March 11, 1986.

Robert K. Corbin, The Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Joyce & Frankel, P.A. by Virginia I. Duncan, Sedona, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

Following a jury trial, the appellant was found guilty of kidnapping and criminal trespass. In August 1984, the court suspended the imposition of sentence on the criminal trespass charge for a period of three years and on the kidnapping charge for a period of five years and placed the appellant on probation. One of the terms of probation required that appellant be incarcerated in the Yavapai County jail for 12 months. In October 1984, while on trustee status, appellant left the county jail after an argument with detention personnel and was later arrested and charged with second degree escape, a violation of A.R.S. §§ 13–2501 and 13–2503.

In December 1984, the trial court revoked the appellant's probation and sentenced him to aggravated terms of imprisonment on the two original offenses, the sentences to run concurrently. Approximately a month later, the appellant pled guilty to the charge of escape and was sentenced to a two-year presumptive term, with the sentence to be *consecutive* to the sentences imposed for the original offenses.

▋ Before sentencing, both counsel submitted memoranda on the issue of

whether the provisions of A.R.S. § 13–2503(B) required that the sentence for escape be consecutive. The trial judge concluded, after thoughtful analysis of the cases presented by counsel, that he was required by statute to impose a consecutive sentence on the escape charge. That is the only issue on appeal.

The provisions of A.R.S. § 13–2503(B) read as follows:

B. Escape in the second degree is a class 5 felony and the sentence imposed for a violation of this section shall run consecutively to the original sentence or sentences for which the defendant was confined.

The appellant argues that the reasoning in *State v. Pena,* 140 Ariz. 545, 683 P.2d 744 (App.1983), *aff'd,* 140 Ariz. 544, 683 P.2d 743 (1984), supports his position that a trial judge has the discretion to order a sentence for escape to run concurrently with the sentence for the offense for which he was on *probation* at the time of his escape. We held in *Pena* that a prisoner who escaped while awaiting trial, and who was later convicted of both the charge for which he was awaiting trial at the time he escaped and the escape, need not receive a consecutive sentence for the escape under A.R.S. § 13–2503(B). We concluded that the legislative intent was unclear on the point. We also harmonized the statute with A.R.S. § 13–709(A), which provides that a sentence of imprisonment commences when sentence is imposed, by holding that the requirement for a consecutive sentence under A.R.S. § 13–2503(B) applied "in those instances where it is possible to comply with the conditions specified,...." i.e., the condition that the defendant must commit the escape while confined on an original, prior *sentence. Pena,* 140 Ariz. at 550, 683 P.2d 749.

The appellant argues that because he was on probation, the imposition of "sentence" had been suspended, that he was merely serving jail time as a term or condition of his probation, and was not serving a "sentence" within the meaning of A.R.S. § 13–709(A). The appellant is certainly

correct in arguing that, generally speaking, a suspended sentence resulting in probation does not constitute a "sentence." *State v. Risher,* 117 Ariz. 587, 588, 574 P.2d 453, 454 (1978); *Pickett v. Boykin,* 118 Ariz. 261, 262, 576 P.2d 120, 121 (1978); *State v. Barksdale,* 143 Ariz. 465, 468, 694 P.2d 295, 298 (App.1984). In some contexts the term "sentence" encompasses probation. Rule 26.1(b), Arizona Rules of Criminal Procedure provides a definition of the term as the same is used in the rules. It reads:

The term sentence means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty.

The meaning of the term as it is used in the rules is clearly explained in the comment to the rule:

The term sentence as used in this rule does include probation even though in most cases, under Ariz.Rev.Stat.Ann. § 13–1657(A) (Supp.1972), imposition of sentence must be suspended in order to place a person on probation.

As to the statute in question, however, there is no clear expression of legislative intent. The rule of lenity dictates that any doubt be resolved in favor of the defendant. *Pena,* 140 Ariz. at 550, 683 P.2d at 749. Our conclusion is strengthened by the observation that the requirement for a consecutive sentence would be meaningless if the judge chose not to revoke, or to reinstate, a defendant's probation on the initial offense.

The state argues, however, that *State v. Barksdale* requires a different result. In *Barksdale,* we dealt with A.R.S. § 13–604.01(B) (currently A.R.S. § 13–604.02(B)) the statute which provides for a mandatory consecutive sentence for persons who are convicted while they are on probation. The last sentence of that proviso reads "[a] sentence imposed pursuant to this subsection shall ... be consecutive to any other sentence from which the convicted person had been temporarily released." The defendant there had been placed on probation for one crime and he was subsequently

convicted of another crime. He argued that A.R.S. § 13–604.01 did not mandate a consecutive sentence for the subsequent offense because he had not been on "temporary release" within the meaning of the statute when the second crime was committed. We disagreed because A.R.S. § 13–604.01 "expressly covers [probation] and is not vague." *Barksdale,* 143 Ariz. at 468, 694 P.2d at 298. Nothing in A.R.S. § 13–2503 expressly covers persons who are on probation.

■ A sentence imposed pursuant to A.R.S. § 13–2503 may run concurrently to the sentence for an offense for which a defendant was on probation at the time of his escape. Had the trial judge in this case decided that a consecutive sentence was discretionary rather than mandatory, it is possible that he would not have imposed it. In view of the foregoing, we set aside that portion of the sentence imposed by the trial court which imposed a consecutive sentence on escape. We remand the matter to the trial court for sentence, in conformity with the law and the views outlined in this opinion.

■ While the dissenter agrees with us on this point, he believes that the trial judge was required to impose a consecutive sentence under former A.R.S. § 13–604.01 (currently A.R.S. § 13–604.02) because the appellant was *on probation* (as opposed to serving a sentence) at the time he escaped. Since the state did not give the appellant notice that it was seeking a mandatory sentence under A.R.S. § 13–604.01 it would have been improper for the judge to invoke that statute. *See State v. Waggoner,* 144 Ariz. 237, 239, 697 P.2d 320, 322 (1985).

CORCORAN, J., concurs.

EUBANK, Judge, concurring in part, dissenting in part:

Although I agree with the majority that the judge was not bound under A.R.S. § 13–2503(B) to impose a consecutive sentence, I dissent because I believe appellant should have been given a consecutive sentence under former A.R.S. § 13–604.01(B) (currently A.R.S. § 13–604.02(B)).

The appellant was on probation at the time of his escape, and it is a matter of record that his probation had been revoked by the time of sentencing. Under such circumstances, the mandatory sentencing requirement of former A.R.S. § 13–604.-01(B) (currently A.R.S. § 13–604.02(B)) is applicable. *State v. Barksdale,* 143 Ariz. 465, 674 P.2d 295 (App.1984). Thus, if on remand the trial judge should decide that a consecutive sentence is not called for on the escape, he should reject the plea agreement rather than impose a concurrent sentence contrary to law. I do recognize, however, an ambiguity in the case law resulting from our supreme court's decision in *State v. Waggoner,* 144 Ariz. 237, 697 P.2d 326 (1985), but nonetheless believe that *Barksdale* controls in this case.