711 P.2d 1240

**STATE of Arizona, Appellee,**

v.

**Ginger Joy LOVE aka Beanie Wright, Appellant.**

**Nos. 1CA–CR8552, 1CA–CR8553.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 10, 1985.

568

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Stephen J. Rouff, Yuma, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

Ginger Joy Love appeals her conviction for violating A.R.S. § 13–1802(C), theft of items valued over $250, a class 5 felony. We affirm.

## FACTS

On December 23, 1983, a security employee at the Aim for the Best Department Store in Yuma observed the appellant pushing a shopping cart filled with merchandise. When the appellant left the store without paying for the items in the cart, the employee confronted her. The cart contained a television set, a sweater, a toy known as a Viewmaster, and four packages of Viewmaster reels. Appellant was arrested, and the articles were impounded.

At the time of arrest, appellant was on probation for a prior theft conviction. Her arrest resulted in the filing of a petition to revoke probation, and the revocation hearing was consolidated with the trial. The prosecution had twice moved to amend the indictment, once to allege a prior conviction and again to allege that the appellant was on probation at the time she committed the offense. *See* A.R.S. § 13–604.01(B) (renumbered A.R.S. § 13–604.02(B)). The jury found the appellant guilty of theft of over $250 and further found that she had a prior conviction and was on probation at the time of the offense. The appellant received the presumptive three-year sentence for the theft and a consecutive two-year sentence for her probation violation.

The appellant raises two issues: 1) Whether there was substantial evidence from which the jury could find the value of the stolen property to be in excess of $250, and 2) whether she was improperly charged with violating A.R.S. § 13–604.01(B), committing an offense while on probation.

## VALUATION

■ The only testimony as to the value of the stolen property came from the security employee who confronted the appellant outside the store. She testified that the television had a value of $239 and the sweater a value of $15.99. The security employee had no involvement in merchandising, selling, or pricing items at the store. We agree with appellant that, without more, there was insufficient foundation to admit the security employee's testimony as to the value of the property. Rule 701, Arizona Rules of Evidence. The testimony of a person who is not familiar with the pricing of merchandise, unless corroborated, is insufficient to establish value. For similar holdings in other jurisdictions on this issue, *see Orr v. State,* 462 So.2d 1013 (Ala.Crim.App.1984); *People v. Codding,* 191 Colo. 168, 551 P.2d 192 (1976); *State v. White,* 37 Conn.Supp. 796, 437 A.2d 145 (1981); *Eldridge v. United States,* 492 A.2d 879 (D.C.App.1985), and *State v. Coleman,* 19 Wash.App. 549, 576 P.2d 925 (1978).

■ The security employee's testimony, however, was not the only evidence of value. The items stolen were introduced into evidence with their original price tags. At the time they were admitted there was no objection to the tags themselves. The sum of the prices stated on the tags came to $265.61. We conclude that the price tags were sufficient evidence from which the jury could conclude that the value of the goods was more than $250.

The appellant argues that price tags were inadmissible hearsay, citing *State v. Coleman* and *People v. Codding,* which hold that a price tag is admissible as a business record only if a proper foundation establishes the method of preparing the tag. *Codding,* 191 Colo. at 170, 551 P.2d at 193, and *Coleman,* 19 Wash.App. at 553, 576 P.2d at 927–28. *See also Eldridge,* 492 A.2d at 883.

We think *Codding* and *Coleman* are hypertechnical and impractical. Instead, we follow the reasoning of *State v. White,* which holds:

In this day and age, items bought at retail are customarily purchased at the price shown on the price tags attached to the merchandise. Although the price

listed on the tags was not necessarily conclusive evidence of the market value of the merchandise in this case, it was at least substantial evidence on which a jury could reasonably rely in determining that the market value of the goods stolen was in fact that which was shown on the price tag.

37 Conn.Supp. at 800, 437 A.2d at 148, (quoting *Coleman,* 19 Wash.App. at 555, 576 P.2d at 928–29 (Andersen, J., dissenting)). *See also DeBruce v. State,* 461 So.2d 889 (Ala.Crim.App.1984); *Lacy v. State,* 432 So.2d 1205 (Miss.1983), and *Norris v. State,* 475 S.W.2d 553 (Tenn.App. 1971). We thus hold that since the price tags attached to the items admitted into evidence totalled more than $250 and there was no evidence to show that they were not reliable measures of the value of the items, the proof was sufficient.

### AMENDED INDICTMENT

The appellant fled Arizona between arraignment and trial and was tried *in absentia.* Her attorney was in court at all proceedings during her absence. On February 7, 1984, the prosecutor filed a motion to amend the indictment to include an allegation that appellant was on probation at the time of the offense. Appellant now claims the indictment was never amended because the court never ruled on the prosecutor's motion.

██ The relevant statute, former A.R.S. § 13–604.01, does not require that the defendant's release status be charged in the indictment or information. *State v. Waggoner,* 144 Ariz. 237, 239, 697 P.2d 320, 322 (1985). Consequently, it was unnecessary for the prosecutor to move to amend the indictment and therefore unnecessary for the court to rule on the motion.

██ What is necessary is that the defendant must receive notice before trial commences that the state intends to allege that he or she was on probation when the offense was committed to enhance the penalty. *Waggoner,* 144 Ariz. at 239, 697 P.2d at 322. Because she fled the jurisdiction, the appellant apparently never received actual personal notice before trial of the state's intent to allege that she was on probation at the time the offense was committed. This lack of notice does not compel a reversal, however, because the appellant waived any right to notice by voluntarily remaining absent until after trial.

██ The constitutionally protected right to be present at all critical stages of trial, except sentencing, may be waived if the defendant voluntarily absents himself at trial. *State v. Fettis,* 136 Ariz. 58, 59, 664 P.2d 208, 209 (1983). If the important right to be present at trial may be waived by voluntary absence, it follows that so may the right to be informed of the state's allegation of probation status. It is the responsibility of an out-of-custody defendant to remain in contact with his or her attorney and with the court. *State v. Bishop,* 139 Ariz. 567, 571, 679 P.2d 1054, 1058 (1984). The appellant failed to do so in this case, and she cannot benefit from her misconduct by manipulating a rule designed for her protection. *See People v. Cortes,* 123 Ill.App.3d 816, 820, 463 N.E.2d 885, 888 (1984).

██ Finally, we note that the appellant's probation revocation hearing was delayed until trial. This procedure was expressly disapproved by our supreme court in *State v. Jameson,* 112 Ariz. 315, 318, 541 P.2d 912, 915 (1975). Under the circumstances of this case, this was not prejudicial to the defendant because the violation was established when she was proven guilty beyond a reasonable doubt of the thefts which were the basis of the petition to revoke. Had she had an earlier revocation hearing the more relaxed standard of proof by a preponderance of the evidence would have applied.

EUBANK, J., and RUDOLPH J. GERBER, J. Pro Tem., concur.

NOTE: The Honorable RUDOLPH J. GERBER was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 3.