Marshall L. WASHINGTON, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 87–202.

Supreme Court of Wyoming.

March 10, 1988.

Wyoming Public Defender Program: Leonard D. Munker, Public Defender, Cheyenne, Wyoming Defender Aid Program: Gerald M. Gallivan, Director, and M. Davis Lindsey, Student Intern, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Appellant Marshall L. Washington challenges his conviction for violation of § 6–3–402(a) and (c)(i), W.S.1977 (Cum. Supp.1986).[1] Appellant admits that he wrongfully took two answering machines, a color television set, a black and white television set and four pairs of leather gloves from the Buttrey's Supermarket in Laramie, Wyoming. His contention on appeal, however, concerns valuation of those goods. His issue is:

"I. Does the state establish the market value of goods taken beyond a reasonable doubt merely by presenting evidence of retail price?"

At the arraignment, appellant pled not guilty and, at a subsequent hearing, waived his right to a jury trial. A bench trial ensued on April 20, 1987. During the trial the state called Mr. Jerry Nelson, who was working as a management trainee at Buttrey's in Laramie on February 9, 1987, the date the goods were taken. On direct examination, Mr. Nelson testified that the *retail* value of the stolen goods was as follows:

| | |
|---|---|
| color television set | $199.99 |
| black and white television set | 99.99 |
| two answering machines | 179.98 |
| three pairs of gloves | 31.47 |
| one pair of gloves | 9.49 |
| | |
| Total | $520.92 [2] |

On cross-examination, Mr. Nelson testified

---

**1.** Section 6–3–402(a) and (c), W.S.1977 (Cum. Supp.1986) provides in part:

"(a) A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

" * * *

"(c) Except as provided by subsection (e) of this section, larceny is:

"(i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is five hundred dollars ($500.00) or more; or

"(ii) Repealed by Laws 1984, ch. 44, § 3.

"(iii) A misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both, if the value of the property is less than five hundred dollars ($500.00)."

**2.** The trial court found the value of the stolen goods at retail to be $517.92; our addition of the retail values yields a total of $520.92.

that the retail price of the black and white television set might vary, on sale, from $79.99 to $109.99. Mr. Nelson also testified that Buttrey's took a minimum mark-up on the items of thirty percent, and that the *wholesale* costs of the four appliances on February 9, 1987, were:

| | |
|---|---|
| color television set | $134.82 |
| black and white television set | 77.97 |
| two answering machines | 160.00 |
| Total | $372.79 |

It is clear that either a sale retail price on the black and white television set, or wholesale pricing on all of the appliances, could have reduced the value of the stolen goods below $500, lessening the crime to a misdemeanor under § 6–3–402(a) and (c)(iii).

At the close of the state's case, appellant moved for a judgment of acquittal, relying on the reduced values for the goods given by Mr. Nelson on cross-examination. The motion was over-ruled, and the trial court found the value of the stolen goods to exceed $500, based on the direct examination testimony of Mr. Nelson.

Appellant then testified in his own defense focusing on price tags he remembered seeing on the goods he admitted stealing. On cross-examination appellant admitted to two prior felony convictions.

The defense then called Mr. Barry Icenhower, an associate drug manager for Buttrey's drugs in Cheyenne, Wyoming. Mr. Icenhower testified that the wholesale price for the black and white television set in the Cheyenne Buttrey's was $77.97 and that the Cheyenne retail price on April 20, 1987, was $79.99. Mr. Icenhower was unable to give conclusive testimony about the prices of any of the goods in question in the Laramie Buttrey's on February 9, 1987.

After the defense rested, appellant renewed his motion for acquittal based on evidence of reduced value of some or all of the appliances. The trial court denied the motion again, listened to closing arguments, and adjourned to consider the evidence and the issue of valuation. On April 28, 1987, the court reconvened, found the aggregate value of the stolen goods to be

$520.92,[3] and convicted appellant of grand larceny. This appeal followed.

This is an appeal from the denial of appellant's motion for judgment of acquittal. In *Leppek v. State*, Wyo., 636 P.2d 1117, 1119 (1981), we reviewed such a denial by examining and accepting as true

> " * * * the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, [Citations.] leaving out entirely the evidence of the defendant in conflict therewith, [Citations].
>
> "A motion for judgment of acquittal is to be granted only when the evidence is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime. Or, stated another way, if there is substantial evidence to sustain a conviction of the crime, the motion should not be granted. [Citations.] This standard applies whether the supporting evidence is direct or circumstantial. [Citations.]."

See also *Wise v. State*, Wyo., 654 P.2d 116, 117 (1982).

Although he presents a single issue, appellant makes essentially three arguments regarding the standard for valuing goods in trials under § 6–3–402(a) and (c). His first argument is that retail price need not necessarily be the standard of value when the goods involved were stolen from a retail seller.

This court has never addressed this specific question. We have held, however, that:

> "The test of value as an element of the crime of larceny is the value of the goods at the time and place where they are taken. [Citations.] * * *" *Oldham v. State*, Wyo., 534 P.2d 107, 109 (1975).

We have also noted that valuation of goods involved in a larceny prosecution must relate in some way to "market value." *Weathers v. State*, Wyo., 652 P.2d 970, 973 (1982). Considering these two cases together, common sense demands that a

3. See supra note 2.

proper valuation of goods in a larceny prosecution will be the market value at the time and place where the goods are taken. When the place is a retail establishment the relevant retail market value should apply. Thieves should not be able to avoid a felony larceny conviction simply because they understand the principles of accounting. See *People v. Lindsay*, Colo.App., 636 P.2d 1318, 1319 (1981).

Appellant's second and third arguments are directed towards the sufficiency of the evidence used to convict him. He contends that his conviction can only be sustained if retail value of the stolen goods is proven by evidence of actual retail sales of those items, not just evidence of retail price. His third contention is that the evidence introduced against him at this trial was insufficient to support a felony larceny conviction.

We have stated numerous times the standard for reviewing the sufficiency of the evidence in criminal cases.

> "* * * [I]t is not whether the evidence establishes guilt beyond a reasonable doubt for us, but rather whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in the light most favorable to the State. [Citations.]
> "* * *
>
> "It is not our function to weigh the evidence for a determination as to whether or not it is sufficient to establish guilt beyond a reasonable doubt. We have consistently held that even though it is possible to draw other inferences from the evidence presented, it is the responsibility of the jury to resolve conflicts in the evidence. [Citations.] * * *"

*Broom v. State*, Wyo., 695 P.2d 640, 642 (1985).

See also *Jozen v. State*, Wyo., 746 P.2d 1279, 1282 (1987). The fact finder in this case was the trial court, but the same standard applies. See, e.g., *Felske v. State*, Wyo., 706 P.2d 257, 262 (1985).

■ Appellant is correct when he tells us that each element in a criminal prosecution must be proven beyond a reasonable doubt. *Sanchez v. State*, Wyo., 567 P.2d 270, 276 (1977). He is incorrect, however, in asserting that the state must show actual retail sales of stolen goods to establish retail value. The issue is not what kind of evidence of retail value must be shown, but rather whether the evidence properly admitted at trial is sufficient for the fact finder to "form a basis" to find "a reasonable inference of guilt beyond a reasonable doubt." Evidence of retail price alone may, in an individual trial, meet this standard. *State v. Love*, 147 Ariz. 567, 711 P.2d 1240, 12421243 (1985). See also *Weathers v. State*, supra, (holding that properly admitted evidence of the owner's opinion of value can be sufficient to sustain a felony larceny conviction).

■ The argument that the evidence properly admitted at this trial was somehow insufficient to sustain a felony larceny conviction is hollow. The trial court heard direct testimony from a management trainee who worked at the Buttrey's store in Laramie when the theft occurred. He explained the retail prices of the stolen items *on the day they were taken.* Appellant had an opportunity to cross-examine this witness and present his own evidence of the retail prices of the goods on February 9, 1987. The trial court heard and considered that evidence, concluding appellant was guilty of felony larceny.

In conclusion, we hold that the proper value of stolen goods is their market value at the time and place they were stolen. When the place is a retail establishment, retail value on the relevant date applies. We further hold that there was sufficient evidence before the trial court in this case to sustain a felony larceny conviction.

Affirmed.