774 P.2d 1360

**STATE of Arizona, Appellee,**

v.

**Gilbert E. SALAZAR, Appellant.**

**No. 1 CA–CR 88–127.**

Court of Appeals of Arizona, Division 1, Department D.

June 1, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Susanna C. Pineda, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

OPINION

GRANT, Chief Judge.

Defendant was charged with shoplifting property having a value of more than $100 but less than $1,000, a class six felony. A.R.S. § 13–1805. Before trial, the state filed allegations of eight prior felony convictions. On December 23, 1987, a jury found defendant guilty as charged with eight prior felony convictions. Defendant was sentenced to an aggravated term of 4.5 years in prison. He filed a timely notice of appeal.

FACTS

The facts are as follows. On July 10, 1987, Daniel Alonzo was employed as a

store security officer at a Target Department Store. At approximately 8:30 p.m., he observed the defendant remove a cordless telephone from a shelf and conceal it inside his pants. Alonzo followed defendant as he left the store without paying for the telephone. Once outside, Alonzo and a fellow store employee identified themselves to defendant and asked him to return to the store. Defendant voluntarily returned to the store, removed the telephone from his pants and admitted taking it. Alonzo placed him under arrest. At trial, his defense was that he was not guilty of shoplifting property worth more than $100 because the particular telephone had a fair-market value of less than $100.

## ISSUES

On appeal, defendant raises the following issues:

(1) Was it error for the store security officer to testify as to the value of the telephone?

(2) Was the jury instruction on fair-market value improper?

## TESTIMONY AS TO SELLING PRICE

At trial, store security officer Daniel Alonzo testified that the phone had a retail selling price of $119.99 plus tax. On cross examination, Alonzo testified that his job as security officer did not involve any merchandising functions. He further testified that, after the incident, he went to the camera department and was told this retail price by a salesperson. Alonzo also testified there was no price tag on the phone. Only a photograph of the phone was introduced at trial.

Defense counsel objected to Alonzo's testimony on the retail price, both for a lack of foundation and as inadmissible hearsay. Both objections were denied. After the close of the state's case, the defense counsel moved for a judgment of acquittal. Rule 20, Arizona Rules of Criminal Procedure. The motion was based upon the security officer's lack of knowledge as to the value of the item, under *State v. Love*, 147 Ariz. 567, 711 P.2d 1240 (App.1985). The trial judge denied the motion for judgment

of acquittal, noting that the witness only testified as to the retail selling price and did not attempt to establish any value for the item.

■ The defendant, citing *Love*, asks this court to find the security officer's testimony warranted a judgment of acquittal. In *Love*, a security employee, who had no involvement in selling or pricing items at that store, testified that the two stolen items had a value of $239.00 and $15.99, respectively. This court stated:

> We agree with the appellant that, *without more*, there was insufficient foundation to admit the security employee's testimony as to the value of the property. Rule 701, Arizona Rules of Evidence. The testimony of a person who is not familiar with the pricing of merchandise, unless corroborated, is insufficient to establish value.

*Id.* at 569, 711 P.2d at 1242 (emphasis added).

While the testimony in *Love* concerned value, and the testimony in this case concerned retail selling price, the distinction is unimportant. In both cases, the person testifying had no personal knowledge of the critical fact. A security employee without marketing responsibilities cannot lay a proper foundation to testify to either value or retail price. *Love, supra*. In this case, the security officer testified to a retail selling price which he knew only because he asked a sales clerk in the camera department. This was an insufficient foundation for his testimony. Moreover, it was inadmissible hearsay. *See Orr v. State*, 462 So.2d 1013 (Ala.Cr.App.1984).

■ However, Arizona law has long stated that a trial judge's denial of a motion for judgment of acquittal will not be reversed on appeal where the defendant later supplies sufficient evidence during his defense. *State v. Adrian,* 24 Ariz.App. 344, 538 P.2d 773 (1975). During the defendant's case, a defense investigator testified that he went to the Target store and learned that the retail price of the telephone in question was $119.99. Even if the security officer's testimony as to the retail

price was defective, that defect was cured by the testimony of the defendant's investigator. While the security officer's testimony was challenged both as hearsay and as lacking foundation, the defense investigator's testimony as to the same evidence was not challenged. Consequently, the error is waived. *State v. McGann*, 132 Ariz. 296, 645 P.2d 811 (1982); *Ring v. Taylor*, 141 Ariz. 56, 685 P.2d 121 (App.1984).

## JURY INSTRUCTION

◼ Over defendant's objection, the jury was instructed as follows on the issue of fair market value:

> Fair-market value is the highest price estimated in terms of money which the property will bring if exposed for sale in the open market. The seller and buyer must know all the uses and purposes for which the property is capable of being used. A reasonable time must be allowed in which to find a buyer and complete the sale.

Defendant objected to this instruction, arguing that the use of the term "highest price" misled the jury to believe it would have to accept the highest figure in evidence. The instruction on value in this case is crucial because value determines whether the crime is a felony or misdemeanor.

The court upheld an instruction similar to the one at issue here in *State v. Ware*, 27 Ariz.App. 645, 557 P.2d 1077 (1976). However, the court reviewed that instruction solely for fundamental error because no objection had been made. Here, the defense made cogent objections to the court's instruction on fair market value. Our focus, therefore, is whether the instruction constituted reversible error. We conclude that it did.

The instruction used is that recommended for eminent domain actions. *See* Recommended Arizona Jury Instruction Eminent Domain 2—Definition of Market Value. The justification for such language is clear in that context, i.e., to protect the rights of citizens forced to sell their property to the state. This rationale does not apply in criminal cases.

The Recommended Arizona Jury Instruction for shoplifting specifically leaves the question to the jury. The term "highest price" is conspicuously absent. The instruction reads: "If you decide that the defendant is guilty of shoplifting, you must then determine the fair market value of the property at the time of the offense." RAJI Shoplifting 18.052 (1989). A footnote to the instruction provides that, "[w]here the property is a written instrument or has an undetermined value, a special instruction based upon A.R.S. § 13–1801 must be prepared." The relevant subsection of that statute provides:

> Value means the fair market value of the property or services at the time of the theft.... When property has undeterminable value its value shall be determined by the trier of fact and, in reaching its decision, all relevant evidence may be considered including evidence of such property's value to its owner.

A.R.S. § 13–1801(A)(8) (renumbered as § 13–1801(A)(14) in 1984).

The jury decides fair market value. *See State v. Brokaw*, 134 Ariz. 532, 658 P.2d 185 (App.1982) (where there is any evidence from which the jury could rationally have found value of $100 or less, the defendant was entitled to have the jury make that finding). Nowhere does the statute suggest that the jury's determination should be limited to the "highest price." Such a limitation may be erroneous because it leaves no room for the jury to exercise its discretion to determine an element of the offense and relieves the state of its affirmative burden of proof by taking away defendant's presumption of innocence. *State v. Mohr*, 150 Ariz. 564, 724 P.2d 1233 (App. 1986), warned trial courts not to confine a jury's discretion by creating an irrebuttable presumption of guilt through an improper instruction.

Earlier Arizona cases track the language and spirit of the recommended shoplifting instruction. For example, *State v. Sorrell*, 95 Ariz. 220, 224, 388 P.2d 429, 432 (1964), holds that evidence of retail and wholesale prices is admissible to "fix the range within which the jury may find fair market val-

ue." *See also State v. Rushing,* 156 Ariz. 1, 749 P.2d 910 (1988). Other jurisdictions have adopted neutral language in defining fair market value. *See, e.g., Sheppard v. State,* 634 S.W.2d 953 (Tex.Ct.App.1982).[1]

Rather than directing the jury to one price by using the term "highest price", the RAJI instruction allows the jury latitude to determine fair market value from all the evidence presented.

Here the evidence straddles the line between a felony and a misdemeanor. Although some testimony suggested that the retail price for this model was $119.99, the particular phone taken was a "used" display model with no price tag. There was testimony that the replacement cost for the store was less than $100. We cannot say with confidence that, had the jury not been given the "highest price" instruction, it would have convicted the defendant of the felony offense. *See, e.g., State v. Buchholz,* 139 Ariz. 303, 678 P.2d 488 (App.1983) (jury found item's value to be under $100 even though evidence showed property purchased for over $100). We therefore reverse the conviction and remand for further proceedings consistent with this opinion.

KLEINSCHMIDT, P.J., and FIDEL, J., concur.

---

1. "Fair market value" of property is the price it will bring in cash when offered for sale by one who desires to sell but is not obligated to sell, and is bought or purchased by one who desires to purchase it but is under no necessity of doing so.

If the fair market value of the property cannot be\ascertained, the value of the property is the cost of replacing the property within a reasonable time after the theft.