503 P.2d 829

**STATE of Arizona, Appellee,**

**v.**

**Nancy JOHNSON, Appellant.**

**No. I CA–CR 383.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 30, 1972.

Rehearing Denied Jan. 9, 1973.

Review Denied Feb. 6, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer III, and Albert M. Coury, Asst. Attys. Gen., for appellee.

Ross P. Lee, Public Defender Maricopa County, by Anne Kappes, Deputy Public Defender, for appellant.

STEVENS, Presiding Judge.

Nancy Johnson, herein referred to as the defendant, has appealed to this Court following the revocation of her probation and the imposition of sentence. The two basic questions presented are:

1. Was there a timely appeal from the judgment of guilt?

2. Was the defendant accorded due process at the revocation hearing?

On 31 May 1969 while police officers of the City of Phoenix were in the process of making an arrest of a person other than the defendant, an arrest based upon an outstanding traffic warrant, the officers met with considerable opposition by the defendant and others. As a result of this opposition five persons were arrested and charged in several counts with the offense of obstructing the two police officers therein named in violation of A.R.S. § 13–541. After a well-conducted preliminary hearing during which the defendant was represented by a Deputy Public Defender, some of the defendants were not bound over, some of the counts were dismissed, and the defendant was bound over to the Superior Court on two counts which were sustained by the evidence presented at the preliminary hearing.

Upon the filing of the information the defendant initially entered a plea of not guilty. Soon thereafter she was released on bond. At the request of her counsel she was given a mental examination. Following the examination a hearing was held on that issue and she was declared to be qualified to stand trial.

The trial date was fixed as 24 November 1969 and on 17 November 1969 the defendant appeared before the court with her counsel and entered a plea of guilty to one of the counts charged against her. The other count and cause number Cr–58859 were then dismissed. This Court is not informed as to the nature of the criminal charge filed in cause number Cr–58859.

There being no weapon involved in the offense, the trial court had the option of adjudging the defendant guilty of a misdemeanor or adjudging her guilty of a felony with a permissible maximum sentence of five years. On 20 November 1969 the trial court adjudged the defendant guilty of a felony, suspended the imposition of sentence for a period of five years and placed her on probation.

On 18 November 1970 the trial court entered the following order:

"IT IS ORDERED setting hearing on revocation of probation on November 19, 1970 at 1:30 p. m., Division 16."

The hearing was held on the appointed date and was reported by a court reporter.

At the 19 November 1970 hearing the defendant was present with a different Deputy Public Defender. The trial court entered an order revoking the probation and the reporter's transcript of the proceedings reflects that the court entered the following order:

"It is the judgment of the Court that you are guilty of the crime of Obstructing, a felony. It is ordered that you be sentenced to be incarcerated in the Arizona State Prison at Florence, Arizona for a term of not less than four nor more than five years, sentence to date from November 9, 1970—that is when you were picked up."

On 19 January 1971 the defendant filed a notice of appeal "from the order revoking probation and judgment and sentence pronounced upon her in the above-entitled cause on November 19, 1970."

### WAS THE APPEAL FROM THE JUDGMENT OF GUILT TIMELY

■ We hold that the judgment of guilt was entered on 20 November 1969 and that that portion of the trial court's 19 November 1970 statement which reads:

"It is the judgment of the Court that you are guilty of the crime of Obstructing, a felony"

is surplusage and has no legal effect.

On 27 February 1968 this Court construed Rule 348 of the Rules of Criminal Procedure, 17 A.R.S., in the case of State v. Veres, 7 Ariz.App. 117, 436 P.2d 629, to permit an appeal from a judgment of guilt within 60 days after the revocation of probation even though the appeal was taken more than 60 days after the judgment of guilt. In Veres we expressed disagreement with earlier cases to the contrary. In Veres we affirmed the judgment of guilt and the sentence. In the case at bar the defendant urges that the Arizona Supreme Court denied the petition to review the Veres decision. Whatever may be the legal significance of the denial of a petition for review, it is interesting to note that the records in this Court in the Veres matter disclose that Veres, and not the State, sought the Supreme Court review.

Thereafter the Arizona Supreme Court in State v. Osborn, 107 Ariz. 295, 486 P.2d 777 (decided on 9 July 1971), overruled Veres and returned to the original long-standing interpretation that probation does not extend the time to appeal from the judgment of guilt. In Osborn the full Court entered a unanimous opinion. Osborn was followed and approved by State v. Ward, 108 Ariz. 288, 496 P.2d 588 (1972). In both Osborn and Ward the notice of appeal was filed after the Veres decision. In Ward the notice of appeal was filed before the Osborn decision.

The defendant urges that Osborn and Ward have an *ex post facto* effect and that

they are invalid in relation to appeals which were taken before the Osborn decision. It is our opinion that Ward does not sustain this view. The decisions in Osborn and Ward did not change the rule of law set forth in Criminal Rule 348 but clarified the meaning of the Rule.

We hold that the defendant's 19 January 1971 notice of appeal was not timely as to the 20 November 1969 judgment of guilt.

### THE REVOCATION HEARING

■ In support of her contention that there was a lack of due process in the revocation hearing, the defendant urges that the record does not contain "a prior written notice of the alleged violation"[1]; and that the record does not show that counsel had time to prepare for the hearing.

We quote from the reporter's transcript of the hearing

"THE COURT: The record may show the County Attorney and Defense Counsel are present.

"Miss Johnson, on November 20, 1969, you were placed on probation for Obstructing, a felony, for a period of five years by reason of the plea of guilty, which you had entered to that charge.

"The Court has now been informed by the Probation Officer, that you have violated the written terms of your probation, for the fact that you on November 9, 1970, were arrested and charged, by the Phoenix Police Department, with Obstructing, the use of vulgar language at Lerner's Store, to East Washington, in Phoenix. Also, the information of July 6, 1970, that you shot a boyfriend, however, in that case, no complaint was filed by anyone. You received the benefit of his kindness and that was stopped.

"Now, do you agree that you violated the terms and conditions of your probation—some of them?

"MISS JOHNSON: I beg your pardon?

1. The quotation is from § 5.4(a) of the minimum standards relating to probation which standards were approved by the American Bar Association, House of Delegates in August 1970.

"THE COURT: Do you understand that you have violated some of the written terms and conditions of your probation?

"MISS JOHNSON: Yes."

It will be noted that the recited date of arrest for the subsequent charge of obstructing an officer is the date fixed by the court for the commencement of the sentence then imposed. It is unrealistic to assume that the defendant's probation officers and that the Public Defender were unaware of her arrest and confinement. At the revocation hearing the Deputy Public Defender advised the trial court that he had conferred with one of the defendant's probation officers. The Deputy Public Defender did not ask for more time and he did not request leave to call witnesses. The defendant did admit two acts each of which, when not explained, could justify the revocation of probation. There was no effort on the part of the defendant to explain or mitigate the matters recited by the trial judge. A.R.S. § 13–1657, subsec. B authorizes the trial court to:

" * * * revoke and terminate the probation, if the interests of justice so require, and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life."

The statute does not require a notice of the nature of the conduct deemed to be a violation of the terms of probation nor does the statute require a hearing. It is not necessary that a probationer be first adjudged guilty of a criminal act during the period of probation as a condition precedent to the revocation of probation. Here the defendant admitted the criminal act of obstructing an officer, an act for which she was then held in confinement under arrest. This was the same type of offense for which she had been previously adjudged guilty and placed on probation.

The case of Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966), is bottomed upon the fact that at the time of the revocation of Leonard's probation and the imposition of sentence, he was not represented by counsel. That is not our present situation.

In Smith v. Cook, 105 Ariz. 390, 465 P.2d 370 (1970), the matter involved the revocation of the probation of a juvenile. Our Supreme Court stated:

"We granted a Writ of Habeas Corpus on behalf of Kenneth Ray Bryant on the ground that there was no proper notice *or* hearing on revocation of probation * * *." (Emphasis added) 105 Ariz. at 391, 465 P.2d at 371.

The Smith case is not applicable here. The Supreme Court did not require a written notice as suggested by the ABA standard. In the case at bar there was a hearing. The record did not indicate that the defendant or her counsel were in any way lacking in information as to the factual basis for the revocation hearing.

In State v. McWilliams, 103 Ariz. 500, 446 P.2d 229 (1968), an adequate record was made disclosing, in the opinion of the Supreme Court, that appointed counsel should have been granted the continuance that he requested. We find the following brief statement to be significant:

"We find *from the particular facts* of this case that the failure of the court to grant a continuance severely prejudiced defendant." (Emphasis added) 103 Ariz. at 502, 446 P.2d at 231.

We do not have before us in the instant case "the particular facts" which would be necessary to support the contention of the defendant that there was an inadequate opportunity to prepare for the revocation hearing and we have an absence of a request for a continuance. We are not willing to charge that the Office of the Public Defender of Maricopa County lacked the fortitude to request time to prepare if such time was needed.

Our Supreme Court recently had occasion to consider the revocation of proba-

**478**

tion in State v. Fimbres, 108 Ariz. 430, 501 P.2d 14 (1972). The issue was whether the trial court could consider admissions made by a probationer to that person's probation officer to establish the fact of a violation of probation. Our Supreme Court held that such admissions were appropriate of the trial court's consideration. In Fimbres the Court quoted with approval from Scott v. State, 238 Md. 265, 208 A.2d 575 (1965), a portion of that quotation being as follows:

> " ' * * * Probation is a personal privilege of which the grantee may not be deprived arbitrarily or capriciously, but if one charged with breach of probation is given notice of the charges of violation of the conditions and the opportunity to answer or explain the facts which have come to the knowledge of the judge, even though not in the manner required by the rules of evidence, and the facts justify revocation, the act of revocation is not arbitrary or capricious.' " 108 Ariz. at 432, 501 P.2d at 16.

The Court did not state how "notice of the charges of violation of the conditions" is to be given. In the case at bar that notice was given at the hearing and the charges were admitted by the defendant with no claim of surprise and no request for additional time to prepare or to secure witnesses.

The defendant's admissions during the revocation hearing appear to have been of some significance in the case of State v. Walter, 12 Ariz.App. 282, 469 P.2d 848 (1970).

We do not have an *ex parte* revocation of probation followed by the imposition of the sentence. There is nothing in the record to indicate the absence of a willingness on the part of the trial judge to entertain requests for time or requests for the presentation of evidence on behalf of the defendant. The record does not support any indication that the 19 November 1970 action by the trial court was arbitrary or capricious and does support the observation

that the trial court was fair and was informed. We hold that the record supports the revocation and the sentence and they are affirmed.

DONOFRIO and HAIRE, JJ., concur.