505 P.2d 1077

**STATE of Arizona, Appellee,**

v.

**Manuel D. FLORES, Appellant.**

**No. 1 CA–CR 316.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 30, 1973.

Rehearing Denied March 6, 1973.

Review Denied April 10, 1973.

Gary K. Nelson, Atty. Gen., by John J. Dickinson, Sp. Asst. Atty. Gen., and Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Presiding Judge.

This is an appeal from a revocation of probation and a sentence of three to four years in the Arizona State Prison. The sentence was based on a judgment of guilt entered upon defendant's plea of guilty to the crime of burglary, second degree.

Originally, defendant was charged with one count of burglary and one count of grand theft. Following a preliminary hearing he was held to answer on both charges. Upon his arraignment in the Superior Court, defendant, being represented by counsel, entered a plea of not guilty to each count. Subsequently he was permitted to withdraw his plea of not guilty to the burglary charge and enter a plea to a charge of burglary, second degree. The grand theft charge was dismissed. On November 5, 1969, the court (Hon. William H. Gooding) thereupon placed him on two years' probation. Thereafter, on May 21, 1970, a warrant was issued against defendant based on a charge of illegal possession of marijuana.

On June 4, 1970, defendant appeared before The Honorable Warren C. Ridge, at a

time which he announced was set for hearing, and was represented by the Public Defender who announced that he was ready. The hearing was reported by a court reporter. At the hearing the trial court proceeded to review with defendant the record of his adjudication of being guilty to the crime of second degree burglary, the granting to him of a two-year suspension of the imposition of sentence by the court, and being placed on probation. The court advised defendant that the probation officer handling his case had reported that he had violated the terms of his probation in not reporting as required. The defendant admitted failure in reporting, but offered certain explanations. He was also advised that he had, contrary to the provisions of his probation, been associating with persons of bad reputation and that he had been charged with another felony. Defendant replied that this was partially true, and again offered certain explanations. The court told him that many efforts had been made to get him into helpful programs of rehabilitation, but without success.

Counsel for defendant made a plea, stating that no attempt had been made to get him into federal rehabilitation programs and pleaded with the court that such be done. At the close of the hearing, when all was said and done, the trial judge made his findings that defendant had violated the terms of his probation and proceeded to revoke the probation. The court then sentenced him to a term of not less than three nor more than four years in the Arizona State Prison. Thereafter he was advised of his right to appeal.

The proceedings at the change of plea (October 15, 1969) and at the suspension of sentence (November 5, 1969) were reported by a court reporter. The reporter is now in New Mexico, and has made an affidavit to the effect that he has made a diligent search of his records and has been unable to locate the notes of the proceedings; that these notes comprise a very small portion of notes he has taken during his career as a court reporter; and that these particular notes are apparently included within portions of other larger proceedings which he cannot now identify.

■ Defendant first contends that he has been denied due process under the Fourteenth Amendment of the United States Constitution because the court has been unable to furnish him with a transcript of the proceedings taken down by the court reporter at the time he entered his plea of guilty. Appellee questions defendant's timeliness in raising the issue at this time. We agree with appellee.

A reading of the record shows that defendant, represented by counsel, entered his plea of guilty on October 15, 1969, and that thereafter, on November 5, 1969, the court adjudged him guilty of the offense alleged and placed him on probation for a period of two years. No appeal was taken from this judgment of guilt and order for probation. The notice of appeal is from the revocation and sentence pronounced upon defendant on June 4, 1970.

Earlier in this case, on May 10, 1971, we passed upon the question of timeliness when we considered a motion to remand made by defendant. At that time we stated that it was our opinion that the only appeal pending before this Court was the appeal in relation to the revocation of probation and prison sentence. It is our opinion now, as it was then, that there is no appeal before this Court in relation to the change of plea or the judgment of guilt and that the time within which said appeal may be taken has long since expired. Our Supreme Court in State v. Osborn, 107 Ariz. 295, 486 P.2d 777 (1971), passing on the identical question, held that an appeal from a judgment of guilt and probation must be taken within sixty days after the judgment of guilt and probation is entered, and that the suspension of the imposition of sentence and the granting of probation does not extend the time for filing such appeal. This same question was also decided by this Court recently in State v. Johnson, 18 Ariz.App. 474, 503 P.2d 829 (1972), wherein the cases on this point were reviewed.

and the Osborn, supra, rationale was applied.

In searching the record, we have looked into the Clerk's minutes to find an account of what took place. Counsel for defendant, in open court and before the bench, discussed with the defendant his plea of guilty. The minutes show that the court summed up the matter as follows:

"The Court finds that the Defendant's plea of guilty is being made voluntarily, intelligently and knowingly, with an understanding of the possible consequences, and that no promises of immunity or threats were made to persuade him to make this plea of guilty.

"The Court accepts the Defendant's plea of guilty to the crime of Burglary (Second Degree), A Felony, as charged in Count I of the Information, and the Clerk is directed to enter it of record."

We find this first contention of error cannot be sustained.

Defendant's remaining contention revolves around the revocation of probation. In effect, he claims violation of due process in that he was not given notice of charges (violation of probation) against him, was not confronted with witnesses, and had no opportunity to respond, particularly because he was represented by court-appointed counsel who had no time to prepare and familiarize himself with the case, i. e., ineffective assistance of counsel.

Considering the last aforementioned ground first, we are unable to agree that there was any denial of the effective assistance of counsel. At the proceedings the court asked if the defendant was ready and his counsel replied in the affirmative and that he represented the defendant. At no time during the hearing did counsel move for a continuance or in any other manner indicate he was not prepared. On the contrary, statements made by counsel in his plea to the court at the revocation hearing showed familiarity with defendant's case. He elicited from defendant, as an explanation for defendant's association with people of lawless nature, that a drug user cannot help but associate with such types of people, and that because of defendant's drug addiction an attempt should have been made to get him into a federal hospital for rehabilitation. It is to be noted that counsel made a strong plea to have defendant placed in a federal hospital for those addicted to hard narcotics. Defendant also made a strong plea for himself, stating his family needed him.

■■ With reference to inadequacy of representation, the cases are clear in saying that a conviction will be held invalid on such grounds only if representation by counsel was a farce or a sham. State v. Brown, 107 Ariz. 375, 489 P.2d 12 (1971); Monsour v. Cady, 342 F.Supp. 353 (D.C. Wis.1972). See also, State v. Burton, 16 Ariz.App. 61, 490 P.2d 1189 (1971); State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968). We find that the representation was adequate.

■ Finally, we consider the remaining violation of due process issue. Specifically, at the time of the revocation hearing the trial court announced that "this is the time set for hearing in the matter", giving the title of the case and asking if the State and the defendant were ready. The Public Defender answered, "Yes, I represent the defendant". The court then reviewed with defendant his adjudication of the crime charged, his being placed on probation, and the several violations of probation charged against him by the probation officer. In addition, the court advised defendant of his failure to take nalline tests as recommended. Significant also is the fact that the Public Defender never asked for more time, nor did he request leave to call witnesses. The defendant did not deny the violations of probation but simply attempted to explain them. The trial court then exercised its discretion in revoking probation for violation of its terms.

The following from Johnson, supra, is applicable:

"A.R.S. § 13–1657(B) authorizes the trial court to: ' * * * revoke and terminate the probation, if the interests of

justice so require, and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life.' "

Our laws, as yet, have not adopted the ABA standards as to the notice requirements relating to revocation hearings. See Johnson, supra.

■ The defendant or his counsel were not lacking in information as to the factual basis for the revocation hearing. Attached to defendant's reply brief is a certified copy of minutes entered on May 21, 1970, by one of the judges of the Maricopa County Superior Court in connection with criminal cause No. 51299 involving the defendant (which is a different number from the instant case), which reads:

> "It appearing to the Court that the defendant has violated the terms of his probation, to-wit: he has failed to make personal written reports as instructed and he has failed to report for a Malline (sic) examination,

> "IT IS ORDERED that a bench warrant issue for the arrest and detention of the defendant and that he be brought before the Court and then and there show cause, if any he may have, why his probation should not be revoked."

Defendant attached significance to the fact that the warrant appearing in the record was filed under a different case number under an order entered by a judge other than the sentencing judge and that a copy of this minute entry was furnished the defendant. We are unable to see the seriousness of this error in case number. If anything, the minute entry would serve to show that defendant knew he was going to be before the court for violation of the terms of his probation.

The record does not show any arbitrariness, but instead shows that the court's action was fair and informed. Johnson,

supra. We find no violation of due process.

Affirmed.

STEVENS, J., and LLOYD FERNANDEZ, Judge of Greenlee County Superior Court, concur.

NOTE: The Honorable WILLIBY E. CASE, Jr., was a member of this Court at the time of the scheduled argument. He requested that he be relieved from consideration of this case and The Honorable LLOYD FERNANDEZ, a Judge of the Superior Court, was called to sit in his stead.