315 P.3d 1252

**STATE of Arizona, Appellee,**

v.

**Robert Michael PIOTROWSKI,**
**Appellant.**

**Nos. 1 CA–CR 12–0255, 1 CA–CR 12–0790.**

Court of Appeals of Arizona,
Division 1.

Jan. 14, 2014.

Arizona Attorney General's Office, By Adele Ponce, Phoenix, Counsel for Appellee.

The Hopkins Law Office, PC, By Cedric Martin Hopkins, Tucson, Counsel for Appellant.

## OPINION

GOULD, Judge.

¶ 1 Robert Michael Piotrowski ("Defendant") appeals from the sentences imposed by the trial court. We affirm for the reasons discussed below.

## BACKGROUND

¶ 2 A jury found Defendant guilty of aggravated assault, a class two dangerous felony, and possession of dangerous drugs, a class four non-dangerous felony (the "2012 convictions"). At the time Defendant was convicted of these 2012 offenses, he was on probation in two prior cases (the "2008 convictions").

¶ 3 At sentencing, the trial court imposed concurrent, presumptive prison terms for the 2012 convictions. The court also revoked Defendant's probation terms for the 2008 convictions, and imposed presumptive, concurrent prison sentences. The court ordered the prison terms for the 2008 convictions to run concurrently with the prison terms for the 2012 convictions.

¶ 4 The State moved for reconsideration of the court's sentencing orders pursuant to Arizona Rule of Criminal Procedure 24.3, arguing that Arizona Revised Statutes ("A.R.S.") section 13–708(C) required Defendant's prison terms for the 2008 convictions to run consecutively to the prison terms for the 2012 convictions. Over Defendant's objection, the court agreed, granted the motion to reconsider and resentenced Defendant to consecutive terms. Defendant timely appealed.

## DISCUSSION

¶ 5 Defendant contends the court erred in concluding revocation of probation for the 2008 convictions was mandatory under § 13–708(C). Defendant argues that A.R.S. § 13–901(C), and not A.R.S. § 13–708(C), governed the sentencing for the 2008 convictions, and that under § 13–901(C) the court had discretion to reinstate him on probation.

¶ 6 Interpretation of a statute is a question of law which we review de novo. See Zamora v. Reinstein, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). To the extent statutes conflict, we try to "construe them in harmony." State v. Ray, 209 Ariz. 429, 431, ¶ 5, 104 P.3d 160, 162 (App.2004). "We construe general and specific statutes that cover the same subject matter so as to give effect to both, if possible." Id.

¶ 7 Here, while there is some overlap between A.R.S. § 13–708(C) and A.R.S. § 13–901(C), the scope and application of the two statutes are different. Section 13–708(C) specifically applies to defendants on felony probation that are convicted of a new felony offense. Under these circumstances, a court must revoke the defendant's probation and sentence him to prison.

¶ 8 In contrast, A.R.S. § 13–901(C) is a general statute that applies to defendants on probation for either a felony or a misdemeanor. Section 13–901(C) encompasses essentially every type of probation violation, and is not limited to a violation based on a conviction for a new felony. Thus, the statute allows a court to revoke or modify a defendant's probation if the defendant (1) commits "any offense" while on probation or

(2) "violates a condition" of probation.[1] Under the Arizona Criminal Code, the term "offense" is defined broadly, and includes any felony or misdemeanor offense that may result in a term of imprisonment or a fine. A.R.S. § 13–105(27) (2013). Moreover, A.R.S. § 13–901(C) permits a court to revoke or modify the probation of a defendant who "commits" a new offense; by comparison, A.R.S. § 13–708(C) applies only to those defendants who are actually convicted of a new felony offense.[2]

¶ 9 We conclude that A.R.S. § 13–708(C), and not A.R.S. § 13–901(C), applies here, where a defendant on felony probation is convicted of a new felony offense. This construction harmonizes A.R.S. § 13–708(C) and A.R.S. § 13–901(C), and gives meaning and effect to both statutes. As a result, we hold that the court was required to revoke Defendant's probation for his 2008 convictions pursuant to A.R.S. § 13–708(C).

 ¶ 10 Defendant also argues the trial court erred when it concluded that A.R.S. § 13–708(C) mandated consecutive sentences for the 2012 and 2008 convictions. Defen-

dant asserts the term "release" in A.R.S. § 13–708(C) only applies to a defendant who has been sentenced to prison and is then released on parole, work furlough, or community supervision; and does not apply to a defendant who is serving a term of probation. Defendant contends, therefore, that because he was on probation for the 2008 convictions, A.R.S. § 13–708(C) did not require consecutive sentences.

¶ 11 Section 13–708(C) provides the following:

A person who is convicted of any felony offense that is not included in subsection A or B [3] of this section and that is *committed while the person is on probation for a conviction of a felony offense or parole, work furlough, community supervision or any other release* or escape from confinement for conviction of a felony offense shall be sentenced to [no less than the presumptive sentence] . . .

A sentence imposed pursuant to this subsection *shall revoke the convicted person's release if the person was on release* and *shall be consecutive* to any other sentence from which the convicted person had been

---

1. Section 13–901(C) states, in relevant part:

 The court, in its discretion, may issue a warrant for the rearrest of the defendant and may modify or add to the conditions or, if the defendant *commits an additional offense or violates a condition, may* revoke probation in accordance with the rules of criminal procedure at any time before the expiration or termination of the period of probation.
 (Emphasis added).

2. We note that when a trial court finds that a defendant has violated his probation by committing a new offense, this finding is not the same as a conviction. Rather, the trial court simply determines that, by a preponderance of the evidence, the defendant has committed an offense that constitutes a violation of probation. *See State v. Taylor,* 187 Ariz. 567, 569–70, 931 P.2d 1077, 1079–80 (App.1996) (stating that a court's finding in the context of a violation of probation proceeding that a defendant violated his probation by committing a new drug offense did not constitute a conviction for that offense); *State v. Johnson,* 18 Ariz.App. 474, 477, 503 P.2d 829, 832 (1972) ("It is not necessary that a probationer be first adjudged guilty of a criminal act during the period of probation as a condition precedent to the revocation of probation."); Ariz. R.Crim. P. 27.8(b)(3) ("A violation [of probation] must be established by a preponderance of the

evidence."). It is not uncommon for a defendant to be charged with both a new offense and a violation of probation based on the same new offense. Given the abbreviated time constraints of a violation of probation proceeding, often the violation may be determined by the court in a violation proceeding long before there is a final conviction on the new charge. *See* Ariz. R.Crim. P. 27.8(b)(1) (requiring a violation of probation hearing to take place within 20 days of arraignment on petition to revoke); Ariz. R.Crim. P. 8.2 (setting forth time limits to try a case ranging from 150 to 270 days from the date of arraignment for noncapital cases).

3. Sections 13–708(A) and 13–708(B) are sentencing enhancements that apply to dangerous nature offenses committed while on probation/release. Here, despite the fact Defendant was convicted of a dangerous offense (aggravated assault) in the 2012 case, the State elected not to pursue the dangerous nature enhancement set forth in A.R.S. § 13–708(A). Rather, the State noticed and elected to pursue the non-dangerous enhancement set forth in A.R.S. § 13–708(C). *See State v. Trujillo,* 227 Ariz. 314, 322, ¶¶ 35–37, 257 P.3d 1194, 1202 (App.2011) (holding that a defendant found guilty by a jury of aggravated assault, a dangerous offense, could be sentenced as a non-dangerous, repetitive offender); *State v. Knorr,* 186 Ariz. 300, 306, 921 P.2d 703, 709 (App.1996) (same).

*temporarily released* or had escaped unless the sentence from which the convicted person had been paroled or placed on probation was imposed by a jurisdiction other than this state.

(Emphasis added).

¶ 12 In *State v. Barksdale,* 143 Ariz. 465, 694 P.2d 295 (App.1984), *disapproved of on other grounds, State v. Rushing,* 156 Ariz. 1, 4, 749 P.2d 910, 913 (1988), we construed the meaning of nearly identical language in A.R.S. § 13–604.01(B),[4] the predecessor to § 13–708(C). Like § 13–708(C), § 13–604.01(B) addressed sentencing for a felony offense committed "while the person is on probation, parole, work furlough or other release" for a prior felony conviction, and provided that "a sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released." A.R.S. § 13–604.01(B); *Barksdale,* 143 Ariz. at 467, 694 P.2d at 297.

¶ 13 Similar to Defendant's argument here, the defendant in *Barksdale* argued consecutive sentences were not mandatory because probation was not a form of release included under § 13–604.01(B). *Id.* at 468, 694 P.2d at 298. We concluded otherwise, and held the statute required mandatory consecutive sentences for a defendant who was convicted of a felony offense while on probation for a prior felony conviction. *Id.* at 468–69, 694 P.2d at 298–99. Ultimately, we determined that:

> where the trial judge sentences a defendant for a felony offense, and at the same hearing, or prior thereto, sentences the same defendant for probation violations, A.R.S. § 13–604.01(B) requires that the sentence for the subsequent felony conviction

tion be consecutive to any other sentence imposed. To not so hold would be to disregard the statute and the clear intention of the legislature in enacting A.R.S. § 13–604.01(B).

*Id.*

¶ 14 Defendant attempts to distinguish *Barksdale* by claiming that "release" is described differently under A.R.S. § 13–708(C) than under A.R.S. § 13–604.01(B). Defendant points to the fact that under A.R.S. § 13–604.01(B), the terms "probation, parole, work furlough or any other release," are grouped together, indicating that probation, like parole and work furlough, are all different types of release. Defendant contends, however, that under A.R.S. § 13–708(C), the term "probation" is separated from the other categories of release by the word "or," indicating that release means only parole, work furlough, and community supervision.

¶ 15 We do not agree with Defendant's construction of A.R.S. § 13–708(C). First, *Barksdale* did not rely on the fact that the term "probation" was grouped with various other types of release under § 13–604.01(B); it simply concluded that "probation" was a type of "release" for sentencing purposes under the statute. *See Barksdale,* 143 Ariz. at 467, 694 P.2d at 297.

¶ 16 Second, the plain language of A.R.S. § 13–708(C) includes probation as a type of release covered under the statute. *Nordstrom, Inc. v. Maricopa Cnty.,* 207 Ariz. 553, 556, ¶ 10, 88 P.3d 1165, 1168 (App.2004) ("When determining the meaning of a statute, we look first to the plain language of the statute as the most reliable indicator of its meaning."). When used in a statute, we give the term "or" its usual disjunctive meaning,

---

4. Former A.R.S. § 13–604.01(B), stated as follows:

 Notwithstanding any provision of law to the contrary, a person convicted of any felony offense not included in subsection A of this section if committed while the person is on probation, parole, work furlough or any other release shall be sentenced to a term of not less than the presumptive sentence authorized for the offense, and the person is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis

 except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served. *A sentence imposed pursuant to this subsection shall be consecutive to any other sentence from which the convicted person had been temporarily released.*

 (Emphasis added). This statute was enacted by the legislature in 1982. *See* 1982 Ariz. Sess. Laws, Ch. 322, § 2 (adding § 13–604.01); 1985 Ariz. Sess. Laws, Ch. 364, § 5 (renumbering as § 13–604.02); 2008 Ariz. Sess. Laws, Ch. 301, §§ 17, 32 (renumbering as § 13–708).

expressing an alternative "choice among one of two or more things." *In re Ryan A.,* 202 Ariz. 19, 23, ¶ 13, 39 P.3d 543, 547 (App.2002) (internal citations omitted). Here, the word "or" clearly indicates different types of release that are covered by the statute. Thus, A.R.S. § 13–708(C) applies to the commission of new felonies when: (1) "the person is on probation for a conviction of a felony offense," (2) "*or* parole, work furlough, community supervision," (3) "*or* any other release or escape from confinement...." *See State v. Botkin,* 221 Ariz. 1, 4, ¶¶ 14–16, 209 P.3d 137, 140 (2009) (stating that A.R.S. § 13–708(C) "requires imprisonment if a probationer is convicted of a second felony offense that is committed while the person is on probation").

¶ 17 Accordingly, we conclude that A.R.S. § 13–708(C) required the court to sentence Defendant to consecutive sentences for his 2012 and 2008 convictions.

## CONCLUSION

¶ 18 Finding no error, Defendants' sentences are affirmed.