NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RAYMOND EARL MAYES, *Appellant.*

Nos. 1 CA-CR 14-0371, 1 CA-CR 14-0378, 1 CA-CR 14-0379 (Consolidated)
FILED 2-3-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2012-030197-001
CR2012-161943-001
CR2013-433938-001

The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**G O U L D, Judge**

¶1          Raymond Earl Mayes ("Mayes") appeals from his convictions and sentences in three cases consolidated for appeal.  Mayes' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this court that after a search of the entire appellate record, no arguable ground exists for reversal. Mayes was granted leave to file a supplemental brief *in propria persona* on or before December 8, 2014, and did not do so.

¶2          Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1]  Finding no reversible error, we affirm.

**Facts and Procedural History[2]**

¶3          In December 2012, Mayes was charged in two separate cases. In Maricopa County Superior Court Case No. CR2012-030197-001 SE ("Case No. CR12-030197"), Mayes was charged with one count of unlawful copying or sale of sounds from recording devices, a class three felony and one count of possession of narcotic drugs, a class four felony.  Mayes eventually pled guilty to one count of facilitation to commit unlawful

---

[1]      Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]      We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989)

copying or sale of sounds from recording devices and one count of possession of drug paraphernalia, both class six undesignated felonies.

¶4             In Mayes' second case, Maricopa County Superior Court Case No. CR2012-161943-001 SE ("Case No. CR12-161943"), he was charged with one count of possession of marijuana, and one count of possession of drug paraphernalia, both class six felonies. Mayes pled guilty to possession of marijuana as a class one misdemeanor and the State agreed to dismiss the paraphernalia charge.

¶5             In January 2013, Mayes was placed on probation in both cases. In Case No. CR12-030197, Mayes was placed on three years' probation for both counts. In Case No. CR12-161943, Mayes was placed on probation for one year.

¶6             In July 2013, while Mayes was serving his probation terms, he was indicted in Maricopa County Superior Court Case No. CR2013-433938-001 SE ("Case No. CR13-433938") for one count of resisting arrest, a class six felony; assault, a class one misdemeanor; and promoting prison contraband, a class two felony. The State alleged Mayes' two historical prior felony convictions in Case No. CR12-030197 for the purpose of enhancing Mayes' sentence. The state also alleged Mayes was on felony probation in Case No. CR12-030197 when he committed the current offenses.

¶7             Mayes eventually went to trial in Case No. CR13-433938. The evidence presented at trial showed that in July of 2013, Mayes and his girlfriend, victim M.F., got into an argument. Mayes left their apartment, but returned early the next morning. When Mayes returned, he was intoxicated; he began yelling outside the victim's bedroom window, and threw a cd case with a rock in it through her window. The victim eventually allowed Mayes into the apartment.

¶8             Once inside, Mayes and the victim began arguing again. When the victim tried to leave, Mayes threw her on the bed and tumbled with her to the floor. Mayes then shoved his knee against the victim's neck and punched her in the ribs. Mayes continued to punch the victim in her ribs until she said she would die if he did not stop. Mayes finally released the victim, who then drove to a nearby gas station and called the police.

¶9             The police responded to the victim's call and drove with her back to the apartment to contact Mayes. An officer located Mayes and placed him under arrest. However, when Mayes saw the victim going through some of his belongings at the scene, he began to struggle with the

officers. The officers struggled to maintain control of Mayes, and had to force him into the back of the police car. Upon arrival at the police station, the police discovered a small bag of marijuana in Mayes' gym shorts.

¶10 The jury found Mayes not guilty of resisting arrest, but guilty of assault and possession of marijuana, a lesser-included offense of promoting prison contraband. Following the verdict, the jury determined that Mayes was released on probation at the time he committed the subject offenses. Additionally, the court held a hearing and determined that Mayes had one prior felony conviction for sentencing enhancement purposes.

¶11 The court sentenced Mayes to a jail term of three months with credit for three months' time served on the assault conviction. As for the possession of marijuana conviction, Mayes received a presumptive, repetitive (one historical prior) prison sentence of 1.75 years with 303 days credit for time served.

¶12 After Mayes was convicted of the crimes in Case No. CR13-433938, petitions were filed to revoke Mayes' probation terms in Case Nos. CR12-030197 and CR12-161943. Mayes was found in automatic violation of his probation terms based on his felony conviction in Case No. CR13-433938. Ariz. R. Crim. P. 27.8(e). In Case No. CR12-030197, Mayes' probation was revoked and both counts were designated felonies. He was sentenced to concurrent, one year prison sentences on each count. In Case No. CR12-161943, Mayes' probation was revoked and he was sentenced to ten days in jail. The court ordered Mayes' sentences in Case Nos. CR12-030197 and CR12-161943 to be served concurrently with each other, and consecutive to Mayes' sentence in Case No. CR13-433938. He was also awarded 25 days credit for time served in each case.

## Discussion

¶13 We have read and considered counsel's brief, searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Mayes was present and represented by counsel at all critical stages of the proceedings. At sentencing and disposition, Mayes and his counsel were given an opportunity to speak.

¶14 The court properly revoked Mayes' probation in Case Nos. CR12-030197 and CR12-161943 based on his conviction for a new felony offense in Case No. CR13-433938. A.R.S. § 13-708(C). In addition, the court

correctly imposed presumptive prison terms[3] in both probation cases to be served consecutively to Case No. CR13-433938 in accordance with A.R.S. § 13-708(C). *See State v. Piotrowski*, 233 Ariz. 595, 599, ¶ 17, 315 P.3d 1252, 1256 (App. 2014). Given the consecutive sentences imposed however, Defendant could not receive credit for time served on both the sentence imposed in CR13-433938 and those imposed in CR12-030197 and CR12-161943. *State v. Cuen*, 158 Ariz. 86, 87-88, 761 P.2d 160, 161-62 (App. 1988). Nonetheless, because the State has not filed an appeal or cross-appeal on this issue, we do not have jurisdiction to address it. *State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990).

¶15 Mayes was properly also sentenced to prison for his conviction for possession of marijuana in Case No. CR13-433938 based on his conviction for assault, a violent crime involving physical injury. A.R.S. §§ 13-901.01(B), -901.03; *State v. Givens*, 206 Ariz. 186, 188, ¶ 7, 76 P.3d 457, 459 (App. 2003).

¶16 Counsel's obligations pertaining to Mayes' representation in this appeal have ended. Counsel need do nothing more than inform Mayes of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Mayes shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

**CONCLUSION**

¶17 Finding no reversible error, we affirm Mayes' convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] Mayes was eligible for incarceration for his drug convictions in Case Nos. CR12-030197 and CR12-161943 based on his conviction for a new drug offense in Case No. CR13-433938. A.R.S. § 13-901.01(E).