NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTONIO ALVAREZ ZAMORA, *Appellant.*

No. 1 CA-CR 16-0136
FILED 11-1-2016

Appeal from the Superior Court in Maricopa County
No.  CR2015-002657-001
The Honorable Mark H. Brain, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D**, Judge:

¶1          Antonio Zamora appeals from his conviction and sentence for one count of possession of a narcotic drug, a class four felony.  Zamora's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not so.

¶2          Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2016).  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

¶3          On June 20, 2015, at around 2:30 a.m., an officer saw Antonio Zamora riding a bicycle southbound in a northbound bicycle lane.  The officer stopped Zamora because of the traffic violation.  During the encounter, Zamora removed his ID from his wallet to show the officer.  Upon doing an ID check, the officer arrested Zamora pursuant to a valid arrest warrant.  During a search incident to arrest of Zamora's belongings, the officer found a "white plastic baggie with a black tar-like substance wrapped tightly" in one of the folds of Zamora's wallet.  Based on the substance's appearance and vinegar smell, the officer identified it as heroin and requested to have it tested.  Two separate tests performed on the substance by a criminalist confirmed that it contained heroin.

¶4          Zamora was indicted on one count of possession of a narcotic drug, a class four felony.  The State filed motions alleging Zamora committed the offense while on probation for a felony conviction, and also while on release for another felony offense.  The State also alleged the existence of prior felony convictions pursuant to A.R.S. § 13-703, and the

_____

[1]          We view the evidence in the light most favorable to sustaining the conviction and resulting sentence.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

existence of historical non-dangerous felony convictions pursuant to A.R.S. § 13-703.

¶5          At trial, a jury found Zamora guilty of possession of a narcotic drug. Following the aggravation phase, the jury found the State had proven Zamora was on probation for a prior felony conviction and was also on release for another felony offense at the time he committed the present offense. The court later determined, after a hearing, that Zamora had five prior felony convictions.

¶6          The court sentenced Zamora to a term of twelve years flat, with 168 days of credit for presentence incarceration. Further, the court ordered the sentences for this case, as well as Maricopa Superior Court Case No. CR 2011-160033 (the "Probation Case") and Maricopa Superior Court Case No. CR 2014-134702 (the "Pretrial Release Case") to be served concurrently. However, in response to Zamora's Motion for Reconsideration of Sentence, the court vacated the imposition of flat time, and ruled that Zamora was eligible for early release credits.

**DISCUSSION**

¶7          We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and substantial evidence supported the finding of guilt. Zamora was present and represented by counsel at all critical stages of the proceedings. At sentencing, Zamora and his counsel were given an opportunity to speak, and the court imposed a legal sentence.

¶8          However, the superior court improperly awarded Zamora only 168 days' of credit for presentence incarceration. Zamora was arrested August 27, 2015, and was in custody through February 11, 2016, the day before sentencing. Including the day of arrest, Zamora was incarcerated for 169 days. *See State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993) (holding a court must award a defendant presentence incarceration credit "from and including the day of booking"). Therefore, we modify the superior court's sentence to include presentence incarceration credit of 169 days.

¶9          The court also erred by ordering the sentence in this case to be served concurrently with the sentences imposed in the Probation Case and the Pretrial Release Case. Pursuant to A.R.S. § 13-708(E), the sentence imposed in this case should have been ordered served consecutively to the sentences imposed in the Probation Case and the Pretrial Release Case.

*State v. Piotrowski*, 233 Ariz. 595, 599, ¶ 17 (App. 2014). Nonetheless, because the State has not filed an appeal or cross-appeal on this issue, we do not have jurisdiction to address it. *State v. Dawson,* 164 Ariz. 278, 286 (1990).

## CONCLUSION

**¶10** Counsel's obligations pertaining to Zamora's representation in this appeal have ended. Counsel need do nothing more than inform Zamora of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Zamora shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA