NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee/Cross- Appellant*,

*v.*

DEJUAN MARKEISS HOPSON, *Appellant/Cross-Appellee*.

No. 1 CA-CR 20-0444
FILED 10-28-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-139646-002
The Honorable Susanna C. Pineda, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee/Cross- Appellant*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant/Cross-Appellee*

<hr>

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

<hr>

**C A T T A N I**, Chief Judge:

¶1        Dejuan Markeiss Hopson appeals his convictions for misconduct involving weapons, arguing the superior court erred by denying his motion to suppress evidence obtained during a traffic stop. The State cross-appeals from the superior court's sentencing ruling under A.R.S. § 13-708. For reasons that follow, we vacate Hopson's sentence for Count 1 and remand for resentencing. In all other respects, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In August 2018, a trooper with the Arizona Department of Public Safety stopped Hopson for failing to remain within a traffic lane. *See* A.R.S. § 28-729(1) (requiring a driver to remain "as nearly as practicable" within one lane). Although Hopson denied having any weapons in the vehicle, the trooper saw and seized an AR-15 pistol from near the front driver's seat. The only other occupant of the vehicle, Hopson's girlfriend, denied any knowledge of the pistol. At the time, Hopson was prohibited from possessing weapons as a condition of his felony probation. His partial fingerprint was later found on the pistol.

¶3        The State charged Hopson with two counts of misconduct involving weapons: Count 1, a class 4 felony for possessing a firearm while being a prohibited possessor, A.R.S. § 13-3102(A)(4), and Count 2, a class 1 misdemeanor for failing to accurately answer the trooper's questions regarding a concealed firearm, A.R.S. § 13-3102(A)(1)(b). Before trial, the State further alleged that Hopson had committed these offenses while on felony probation and while released on bond in a separate, pending felony case.

¶4        A jury found Hopson guilty as charged. After a trial on priors, the superior court sentenced Hopson on Count 1 as a Category 3 repetitive offender to a mitigated term of six years' imprisonment, plus a two-year enhancement, with credit for 748 days of presentence incarceration. For Count 2, the court imposed a concurrent sentence of time

served. The court ordered that the sentences run concurrently with sentences imposed for Hopson's probation violations.

¶5        Hopson timely appealed, and the State cross-appealed. We have jurisdiction under A.R.S. §§ 13-4032(5) and -4033(A)(1).

**DISCUSSION**

**I.        Motion to Suppress.**

¶6        Hopson argues the superior court erred by denying his motion to suppress evidence obtained in what he claims was an illegal traffic stop. Relying on *State v. Livingston*, 206 Ariz. 145 (App. 2003), Hopson claims the trooper lacked a sufficient basis to stop his vehicle for an alleged lane line violation under A.R.S. § 28-729(1). We review the superior court's suppression ruling for an abuse of discretion, considering only the evidence presented at the suppression hearing and viewing it in the light most favorable to upholding the ruling. *State v. Angulo-Chavez*, 247 Ariz. 255, 258, ¶ 6 (App. 2019). We defer to the superior court's factual findings and credibility determinations, but we review its legal conclusions de novo. *See State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118 (1996).

¶7        At the suppression hearing, the trooper testified that he saw Hopson drift in and out of the far-left lane of the interstate, crossing the marked lines at least five times. Hopson continued to drift in and out of his lane while the trooper drove next to him and saw him looking down at a cell phone.

¶8        Hopson testified at the suppression hearing and denied committing any traffic violations. He admitted, however, that he was driving even though he had a suspended license, that he had prior felony convictions, and that he was on probation at the time of the stop. Hopson stated that his girlfriend would corroborate his testimony, but she did not testify at the suppression hearing.

¶9        The superior court denied Hopson's motion to suppress, finding that the trooper's observation of multiple lane line violations provided a valid basis for the stop. The court further noted that the trooper's testimony was consistent with his original incident report.

¶10        A traffic stop is valid if a lawful, objective reason exists to initiate the stop. *State v. Swanson*, 172 Ariz. 579, 582 (App. 1992). And a traffic violation—here, failing to remain within a single lane—is one such

objective basis to stop a vehicle. *State v. Acosta*, 166 Ariz. 254, 257 (App. 1990).

¶11        Hopson argues that, under *Livingston*, his alleged traffic violations were insufficient to justify a stop. In *Livingston*, we construed § 28-729(1)'s conditional language (the requirement to remain "as nearly as practicable" within a single lane) as evincing the Legislature's intent to avoid penalizing "brief, momentary, and minor deviations outside the marked lines." *Livingston*, 206 Ariz. at 148, ¶ 10. We thus affirmed the superior court's ruling in that case that the driver's "isolated and minor breach of the shoulder line" on a curved road did not give the officer a sufficient basis to initiate a traffic stop. *Id*. at ¶ 12.

¶12        Here, in contrast, there was more than just an isolated and minor deviation from the marked lines. Hopson crossed the marked lane lines at least five times, which the trooper characterized as "extensive lane usage violations." Hopson's repeated deviation from the marked lines provided a sufficient objective basis to initiate the traffic stop for violation of A.R.S. § 28-729(1). *See Acosta*, 166 Ariz. at 256–57 (crossing the dividing line at least six times provided a sufficient basis for a traffic stop). To the extent Hopson attacks the trooper's credibility based on his own, different version of events, the superior court found the trooper's testimony to be reliable, and we defer to that credibility determination. *See Gonzalez-Gutierrez*, 187 Ariz. at 118. Accordingly, the superior court did not err by denying Hopson's motion to suppress.

## II.    State's Cross-Appeal.

¶13        On cross-appeal, the State contends the superior court erred by refusing to apply the mandatory sentence enhancements of A.R.S. § 13-708(C)–(E) to Hopson's sentence for Count 1. As relevant here, three subsections of A.R.S. § 13-708 set forth separate sentence enhancements applicable to offenses committed while released from confinement. First, subsection (C) requires a sentence of no less than the presumptive term for a felony offense committed while on felony probation. Second, subsection (E) requires that any sentence imposed under subsection (C) run consecutively to the sentence imposed in the probation case. And third, subsection (D) requires an additional two years of imprisonment for a felony offense committed while released on bond for a separate felony offense. These sentence enhancements are mandatory. *See State v. Piotrowski*, 233 Ariz. 595, 598–99, ¶¶ 13–17 (App. 2014).

**¶14** The State alleged that Hopson committed Count 1 (the felony offense) while on felony probation in a prior case ("2014 case") and while released on bond in another case ("2018 case"), and the State argued that all three sentence enhancements in A.R.S. § 13-708(C), (D), and (E) applied. The superior court found all sentencing allegations proven but did not impose the sentence enhancements required by subsections (C) and (E). The superior court reasoned that, because the State had used Hopson's probation status in the 2014 case to prove that he was a prohibited possessor (an element of Count 1), *see* A.R.S. §§ 13-3101(A)(7)(d), -3102 (A)(4), imposing an enhanced sentence on that basis would constitute unlawful double punishment, *see* A.R.S. § 13-116. The superior court instead sentenced Hopson to a mitigated term of six years' imprisonment, to be served concurrently with the sentence in his 2014 case. *See* A.R.S. § 13-703(C), (J). The court did, however, apply the subsection (D) enhancement and impose an additional two years' imprisonment.[1]

**¶15** Contrary to the superior court's concern, sentence enhancements do not offend principles of double jeopardy. *See State v. Bly*, 127 Ariz. 370, 371–73 (1980); *State v. Harm*, 236 Ariz. 402, 408, ¶ 23 (App. 2015). And we have previously concluded that a single fact may be used both as an element of the offense (or an aggravating factor) and as a basis for sentence enhancement without violating the double punishment prohibition of A.R.S. § 13-116. *See State v. Greene*, 182 Ariz. 576, 580 (1995); *State v. Garcia*, 176 Ariz. 231, 234 (App. 1993). Moreover, *State v. Watson*, 248 Ariz. 208 (App. 2020), on which the superior court relied, is inapposite. There, we held that A.R.S. § 13-116 barred a consecutive probation term for convictions based on the same act, prosecuted in the same case. *Watson*, 248 Ariz. at 214–16, ¶¶ 17–22. Here, in contrast, the required sentence enhancements arose out of Hopson's probation status in an unrelated case. Thus, the holding in *Watson* does not apply, and the imposition of sentence enhancements under A.R.S. § 13-708 does not trigger double jeopardy or A.R.S. § 13-116 protections.

---

[1] Although the State argues that the superior court failed to impose the additional-two-year enhancement required by A.R.S. § 13-708(D), the court's oral pronouncement of sentence expressly ordered "the mitigated term of six years plus the two years that is required." Although the written sentencing order does not include this finding or list the six plus two years separately, the "[o]ral pronouncement in open court controls over the minute entry." *State v. Whitney*, 159 Ariz. 476, 487 (1989) (citation omitted). The superior court conformed to the mandatory language of A.R.S. § 13-708(D).

**¶16**        The superior court was required to impose the enhancements specified in A.R.S. § 13-708(C) and (E). *See State v. Harris*, 133 Ariz. 30, 31 (App. 1982) ("Courts have power to impose sentences only as authorized by statute and within the limits set down by the legislature."). Therefore, the superior court's failure to apply A.R.S. § 13-708(C) and (E), over the State's objection, was error requiring a new sentencing. *See State v. Carbajal*, 184 Ariz. 117, 118 (App. 1995) ("The failure to impose a sentence in conformity with mandatory sentencing statutes makes the resulting sentence illegal."). On remand, Hopson must be sentenced as required by A.R.S. § 13-708(C) to no less than the presumptive term of imprisonment for a category three repetitive offender, plus the two-year enhancement under A.R.S. § 13-708(D), and, as required by A.R.S. § 13-708(E), that term of imprisonment must run consecutively to his sentence in the 2014 case.

## CONCLUSION

**¶17**        We vacate Hopson's sentence for Count 1 and remand for resentencing consistent with this decision. In all other respects, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA